Tilghman C. J.
In this case two questions are made. 1. Whether a widow is entitled to dower of a trust estate. 2. Whether she is entitled to dower of an estate, the remainder of which in fee was vested in her husband, dependent on an estate for life in a third person, which said remainder her husband had aliened during the coverture. 1. In England a woman is not dowerable of a trust estate although a husband may be tenant by the curtesy. This is the more remarkable, as dower is the favourite of the common law. A woman has her dower where the husband had only a seisin in law, but a man cannot be tenant by the curtesy unless there was a seisin in fact. No good reason has been assigned for excluding the wife of her dower in a trust estate. It rests upon usage, which though not now approved cannot be altered by any authority less than the parliament. In Pennsylvania the usage has been more reasonable and more analagou* *556 to tbe general principles of dower. — The husband and wifte are placed on an equal footing. He has his tenancy by the curtesy? and she has her dowér. I do not know that the question has ever been brought to a decision in this Court, The reason of this I take to be, that it has never been doubted. I have frequently heard it taken for granted, but never seriously questioned. I do not understand that the learned counsel who now makes the point, supposes the law to be in his favour. But he wishes it to be settled by a solemn decision. It is best that it should be so. My opinion is, that by the usage and law of Pennsylvania a woman is dowable of a trust estate.
2. By the common law there can be no dower, unless the husband is seised in fact ór in law of the freehold, as well as the estate of inheritance, during the coverture. This is not questioned by the counsel for the demandant. But he supposed, that in this state the law might be different, in consequence of some provisions in our intestate acts. He has, however, very candidly and very properly declared, that upon examining the act of assembly he finds, that its provisions are not applicable to a case where the' husband had aliened his whole interest by deed. That is the present case. The demandant, therefore, is pot entitled to a recovery of dower.
Yeates J. and Brackenridge J. concurred