[1] See *Dunham* v. *Osborn, post,* note.

---

## DUNHAM *v.* OSBORN AND OTHERS.

To entitle the wife to dower, the husband must have been seized during the coverture of a present freehold as well as of an estate of inheritance in the premises.

*(margin: 1829. Dunham v. Osborn.)*

1829.

Dunham
v.
Osborn.

[*635]

Seizin of a vested remainder is not sufficient where the husband dies, or aliens his interest in the premises, during the continuance of the particular estate.[1]

Where lands descend to the son, on the death of the father, and dower is assigned to the mother, if the son dies during the life of the mother, his widow can only be endowed of the remaining two-thirds.

But if the lands are conveyed to the son by the father, the widow of the son will be entitled to dower in the other third also after the death of the mother.

*Where the estate has been sold on an execution against the husband, who afterwards died leaving a widow entitled to dower, the widow of the purchaser will be entitled to dower in the whole premises, subject to the dower right of the first widow in one-third thereof.

November 8th.    A BILL for partition was filed in this cause, and the only question between the parties was as to the extent of the dower right of the widow of D. Dunham in the premises. J. H. Maxwell was the former owner of the premises, and his right thereto was sold upon execution in his lifetime, and two-thirds thereof became vested in D. Dunham, and the other third in Osborn.  D. Dunham died in the lifetime of Maxwell.  Upon Maxwell's death, his widow became entitled to dower in the premises; but it was insisted that the widow of Dunham was not entitled to dower therein, as there could not be two rights of dower in the same premises by the seizin of two successive owners.

*H. W. Warner* for complainant.

*Jno. L. Graham* for defendant Osborn.

*Jas. L. Graham* for Withers and wife.

*J. O. Grim* for the other defendants.

THE CHANCELLOR:—Maxwell having · been the sole

[1] See 4 Kent, 39, 40; Ferne on Remainders, (5th ed.) 35, 36; Park on Dower, 61, 73; *Green* v. *Putnam*, 1 Barb. S. C. 500; *Beardsley* v. *Beardsley*, 5 id. 324; *Reynolds* v. *Reynolds*, 5 Paige, 161; *Matter of Creiger*, 1 Barb. Ch. 598.

owner during coverture, there can be no doubt of the right of his widow to dower in the whole premises, in value as they were at the time of the sale on the execution against her husband. (*Hale* v. *James*, 6 John. Ch. Rep. 258.) But it is insisted there cannot be two rights of dower in the same premises, and that the widow of D. Dunham must be wholly excluded. Two widows cannot be endowed of the whole estate at the same time; and if the widow of the person last seized is endowed, it must be of the remainder of the estate only, subject to the dower of the widow of the person first seized. To entitle the wife to dower, the·husband must be seized either in fact or in law of a present freehold in the premises as well as of an estate of inheritance. His seizin of a vested remainder is not sufficient, if he dies or aliens his interest in the premises during the continuance of the particular·*estate. (*Eldridge* v. *Forrestal & Wife*, 7 Mass. R. 253; *Shoemaker* v. *Walker*, 2 Serg. & Rawl. 554.) Hence if the father die, and the land descends to his son and heir, subject to the dower of the mother, and dower is assigned to her in the premises, and the son dies during the continuance of her estate, the widow of the son will be entitled to dower in the remaining two-thirds; but will not be entitled to dower in the reversion of that part which was assigned to the mother as tenant in dower. As to that part, the moment the mother is endowed, her seizin relates back to the death of the husband, and is considered a continuance of his seizin, so that there never was any seizin in the son. But the case is different where the father conveys to his son. By the conveyance, the son becomes seized of the whole premises, subject to the dower right of his mother if she survives the grantor; and the wife of the grantee is entitled to dower in the whole subject to the same right. The maxim *dos de dote peti non debet* does not apply to such a case. (Perk., sec. 315; Coke's Litt. 31 a, b; *Pari's case*, 4 Coke's Rep. 122; Watkins, ch. 1, sect. 3, p. 74.) In this case, the sale of Maxwell's estate, under the judgment and execution against him, gave a present seizin of an estate of

1829.

Dunham
v.
Osborn.

[*636]

inheritance to the purchasers, subject to the life estate of Mrs. Maxwell if she survived her husband; and the widow of D. Dunham is entitled to dower in his share of the premises. The widow of Maxwell is entitled to have assigned for her dower one-third of the premises, and Mrs. Dunham will be entitled to dower in two-thirds of the reversion of that third if she survives Mrs. Maxwell. She is also entitled to dower in two-thirds of the other two-thirds of the premises from the present time. If the property is sold under the decree in this cause, the interest of each in the purchase-money must be estimated upon the same principles; and if the value of Mrs. Dunham's life is worth the same, or less than that of Mrs. Maxwell, the dower right of Mrs. Dunham in the first third is worth nothing.