[PHILADELPHIA, FEBRUARY 14, 1835.]

CHEW *against* the COMMISSIONERS OF SOUTHWARK.

IN ERROR.

Rawle
5 R    160
202    ¹553
202    ²555

5r    160
f219   ¹ 24

5r    160
41SC ² 83

There can be no tenancy by the curtesy of a remainder or reversion vested in the wife, if the particular estate continue till the death of the wife. This doctrine applies as well to equitable as to legal estates; and therefore,

A mere naked seisin of the freehold by the wife, as trustee, will not support tenancy by the curtesy; though she has the beneficial interest in the reversion.

ERROR to the District Court of the City and County of Philadelphia.

The plaintiff claimed in this action as tenant by the curtesy, to recover certain rent charges.

The case was this :

On the 30th January, 1793, *John Lawrence* and wife, conveyed certain lots of ground to *Ann Penn Allen*, in trust for herself and her sisters *Margaret* and *Mary Allen*. *Ann Penn Allen*, conveyed on the 1st February, 1793, to *Asa Copeland* on ground rent, under whom the defendants claimed. The rent was reserved in common to herself and her two sisters *Margaret* and *Mary*. In 1793, *Margaret* intermarried with *William Tilghman*, and died in 1798, leaving one child *Elizabeth Margaret Tilghman*, and the said *William Tilghman*, her surviving.

1802, March 7. *William Tilghman*, executed a conveyance of the ground rents to *Elizabeth Margaret Tilghman*.

" To have and to hold the same to the said *Elizabeth M. Tilghman*, her heirs and assigns, to her and their own use and behoof. In trust nevertheless, that the said *Elizabeth*, and her heirs and assigns shall permit and suffer the said *William Tilghman*, and his assigns, during the term of his life to enjoy, collect and receive, for his and their own use, the hereby conveyed one undivided third part of all the rents aforesaid, until a partition of the said rents shall be made between the said *Elizabeth M. Tilghman*, and the other persons who held the said rents, undivided and in common with her ; and after partition shall be made thereof as aforesaid, then in trust, that the said *Elizabeth M. Tilghman*, her heirs, and assigns, shall permit and suffer the said *William Tilghman*, and his assigns, during the term of his life, to enjoy, collect and receive, for his and their own use, that part of the said rents, which shall be assigned to the said *Elizabeth M. Tilghman*, in severalty for her proportion of the rents aforesaid, upon the partition aforesaid."

1803, May 23. A partition was executed and the ground rent in question was allotted in severalty to *Elizabeth Margaret Tilghman,* who intermarried with *Benjamin Chew,* jr. the present plaintiff, on the 11th July, 1816.

1817, June 17. *Elizabeth Margaret Chew,* died, leaving one child *William Tilghman Chew,* and her husband the said *Benjamin Chew,* jr. her surviving.

1820, April 6. *William Tilghman Chew,* died.

1827, April 29. *William Tilghman,* died.

It was argued by *Chew* and *J. R. Ingersoll,* for the plaintiff in error, and by *Coxe* and *Chauncey,* for the defendants in error.

The opinion of the court was delivered by

Kennedy, J.—The rent in question being of the nature of a rent charge, the plaintiff claims a right to receive it as tenant by the curtesy. That a husband under a concurrence of certain circumstances, may become tenant by the curtesy of such estate, cannot be questioned. *Co. Lit.* 29, *a.* These circumstances according to *Littleton,* sec. 35, and Lord Coke, *Co. Lit.* 30, *a.* are marriage, seisin of the wife, issue and death of the wife. There seems to be no difficulty presented in this case, in regard to any of these things, except that of the seisin of the wife, or the husband in her right, during the coverture.

It is not necessary however, I apprehend, to entitle a husband to claim by the curtesy in this state, that there should have been, what is considered in England an actual seisin of the wife or the husband during the coverture. It is sufficient if she were invested with the title to an estate of inheritance, and had seisin of the freehold thereof in law, by having a right to demand and receive the rent accruing from the enjoyment of it, either by a tenant at will, or for a term of years, if out on lease; or otherwise to demand and recover the immediate possession thereof; or as the late Mr. Justice Duncan expresses it in *Stoolfoos* v. *Jenkins,* 8 *Serg. & Rawle,* 175, "if there was a potential seisin or right of seisin." This doubtless would be sufficient, according to the rule, which has obtained under our intestate law, regulating the descent of real estate in Pennsylvania, to enable the surviving issue of the wife after the death of the same, to claim and have the estate as her heirs. Seisin in fact on the part of a parent during his life is not requisite, to entitle the issue of such parent after his death to claim the real estate to which the parent had a title in fee, as his heirs. Ownership without seisin, not only regulates the descent of real estate here, but likewise gives the right to dispose of the same, either by deed or will. This also seems to be the law of Connecticut, according to the cases of *Bush* v. *Bradley,* 4 *Day,* 298, and *Kline* v. *Beebe,* 6 *Conn. Rep.* 494, 499. But even in England, where the estate consists of a rent as in the present

case, an actual seisin, that is, a receipt of the rent by the wife or the husband, during the coverture, is not necessary to give the husband a right by the curtesy. If a *present* right existed to receive the rent, when and as soon as it should become payable, that as I conceive, would be sufficient. *Co. Lit.* 29, *a. Perkins,* sec. 469. *Doctr. and Stud.* 145. *De Gray* v. *Richardson,* 3 *Atk.* 471. The reason assigned for this in *Co. Litt.* 15, *b.* is "because there was no laches or default in the husband, nor possibility to get seisin : the law in respect to the issue begotten by him, will give him an estate by the curtesy of England ;" or as it is said in *Shelley's case,* 1 *Co.* 97, "if the wife dies before the rent day, the husband shall be tenant by the curtesy, as it is agreed in 7 E. 3, 66, *a. b.* and 3 Hen. 7, 5, *a.* for by the act of God, it is impossible for him to have actual possession. But see *Doctr. and Stud.* 145 ; where it is said, "the old custom and maxim of the law is, that he shall be so :" and this perhaps is the better reason, as the right by curtesy is the mere creature of the law, and has no *moral foundation* for its existence. *Banks* v. *Sutton,* 2 *P. Wms.* 703. But still there must be a seisin of the freehold as well as a right to the inheritance on the part of the wife during the coverture ; or what shall be deemed equivalent thereto, having regard to the nature of the estate. And hence a husband cannot be tenant by the curtesy of a reversion or remainder, expectant upon an estate for life, unless the latter be determined during the coverture. *Co. Litt.* 29, *a. Perkins* 467. It is alleged, however, that in the case before us, there was a seisin of the freehold, attended by a right to the inheritance on the part of the wife during the coverture. But of what was she seised ? and again, what kind of a seisin was it ? At most, she had only a bare naked seisin in law of the freehold, without any beneficiary interest whatever ; and though connected with a right to the reversion or remainder in fee, even of an incorporeal estate, it is not sufficient, as it appears to me, to give the husband a right to it by the curtesy. For instance, if the wife was a mere trustee in fee, holding for the use of another and his heirs, it cannot be pretended that the husband of the wife on her death in such case, could claim to be tenant of the estate by the curtesy. *Gilb. on Uses and Trusts,* 18, in note, by *Sugden :* because, even at the common law in early times, it would seem to be, that the *cestui que trust,* was considered as the owner of the land, and was sworn in assizes, and other inquests in pleas real and personal ; and the feoffee to uses, was to make such conveyance or estate, as *cestui que use* directed, or he would have been guilty of a breach of trust. *Litt.* sec. 464. *Hoole* v. *Sales,* 2 *Wils.* 332, and by Lord HOBART, an action would lie against him at law, to recover damages for the breach of trust ; 1 *Vern.* 344, 419 ; *Hoole* v. *Sales*; though Chief Justice NORTH, expressed a contrary opinion in *Barnardiston* v. *Soam, Cobbett's State Trials,* vol. 6. page 1098. But suppose it were otherwise at law, equity, where the *cestui que use* is considered the true and absolute owner of the estate,

(Chew *v.* Commissioners of Southwark.)

would interpose and control the law in this respect. *Finch* v. *The Earl of Winchelsea,* 1 *P. Wms.* 278. And the trust estate is governed in equity by the same rules, and falls within the same reason as legal estates at law. *Watts* v. *Ball,* 1 *P. Wms.* 108. And accordingly, it has been settled by a series of decisions, that the husband shall be tenant by the curtesy of an equitable estate of inheritance, upon the same terms that he may be of a legal, of which his wife was seised during the coverture. *Sweetapple* v. *Bindon,* 2 *Vern.* 536. *Watts* v. *Ball,* 1 *P. Wms.* 108. *Chapplin* v. *Chapplin,* 3 *P. Wms.* 234. *Casborne* v. *Scarfe,* 1 *Atk.* 606. *Morgan* v. *Morgan,* 5 *Madd.* 248. *Shoemaker* v. *Walker,* 2 *Serg. & Rawle,* 554, 556.

And as it is necessary in case of a legal estate, that the wife should be seized of the freehold, as well as invested with the right to the inheritance, to entitle the husband to claim as tenant by the curtesy, so it is equally necessary in the case of an equitable estate, that she should be equitably seized of the freehold as well as entitled to the inheritance. But a bare naked seisin in law of the freehold for the use of a third person, is not regarded as a seisin in equity, which governs in cases of trust; because there the *cestui que trust* or *use,* is considered the true owner of the freehold and the only person seised of it; and a wife in such case being the trustee has no property or interest whatever in the freehold, and if not seised in fact, she can certainly have no seisin imputed to her in respect to ownership. Besides, without ownership on the part of the wife, it is obvious the husband can have no good claim by the curtesy, for his right in such case is a mere continuation of her right: and hence the writ *de partitione facienda* lies against the husband of a co-parcener, who is tenant by the curtesy, because he *continueth the estate of coparcenary.* Co. *Lit.* 174, *b.* 175, *a.* And indeed the weight of authority is decidedly against the claim of the husband by the right of curtesy to the reversion in fee of the wife, expectant upon an estate for life which endured beyond her death, even where she might be said to have had an interest in the estate for life, by being in the receipt of a rent reserved on it to her and her heirs. In *Keilway* 104, *b.* it is said, that if a man take a wife seised of a reversion on a lease for life, whereupon a rent was reserved, he may be tenant by the curtesy of the rent, but not of the reversion. And *Perkins* in sec. 467 makes a quere, whether he shall in such case have either the rent or the reversion by the curtesy. Mr. *Hargrave* notices this quere of Mr. *Perkins* in his note (7) to *Co. Litt.* 29, *a.* without expressing any opinion of his own upon it: but Mr. *Greening,* editor of the last edition of *Perkins,* gives it as his opinion, that the husband shall not be tenant by the curtesy of either the rent or the reversion. And this agrees with what Sir EDWARD COKE has laid down in regard to the right of the wife to dower out of the real estate of the husband after his decease; which having for its basis a moral as well as legal obligation on the part of the husband to pro-

(Chew *v.* Commissioners of Sonthwark.)

vide for his wife during her natural life, would seem therefore to be entitled to more favour both in law and equity than the right of curtesy. *Banks* v. *Sutton*, 2 *P. Wms.* 702–3. In *Co. Litt.* 32, *a.* Lord Coke says, "If the husband maketh a lease for life of certain lands, reserving a rent to him and his heirs, and he taketh a wife and dieth, the wife shall not be endowed, neither of the reversion (albeit it is within the word tenement) because there was *no seisin* in deed or in law of the *freehold ;* nor of the rent, because the husband had but a *particular estate therein and no fee simple.* But if the husband makes a lease for years reserving a rent, and takes a wife and then dies, the wife shall be endowed of the third part of the reversion by metes and bounds, together with a third part of the rent." And so shall the husband, under the like circumstances in regard to the real estate of the wife, be entitled to the whole of the rent and the reversion during his life by the right of curtesy, where he had issue by her capable of inheriting the estate ; *Co. Litt.* 29, *b. Cary's Litt.* 90–1; *Guavarra's* case cited in *Manning's case,* 8 *Co.* 190 (Dub. 1793) ; because the possession of the lessee in such case is considered the possession of the lessor. *Co. Litt.* 15, *a.* Mr. *Hargrave's* note (3) to 29, *b. Cary's Litt.* 90–1. *De Gray* v. *Richardson,* 3 *Atk.* 171. Now the quotation from Lord Coke, relative to the seisin that is necessary to give a right to dower, and the nature of the estate out of which such right may or* may not be claimed, is equally applicable as well as necessary to establish a right by the curtesy. And Lord Hardwicke accordingly in the case of *Hearle* v. *Greenbank,* 1 *Ves.* 307, laid it down in these words : "Though said to be determined in *Casburn* v. *English,* 1 *Atk.* 603, that husband may be tenant by the curtesy of a trust in equity ; yet the wife must in the first place have the inheritance ; and secondly, there must be a seisin of the freehold during the coverture." The same principle is repeated and confirmed by Chancellor Kent in his *Commentaries,* vol. 4, p. 31 (of the first edition,) who there states "the wife must have had a seisin of the freehold and inheritance *simul et semel* either at law or in equity during the coverture." But the seisin at law here mentioned must be understood as a seisin attended by or under a right of ownership ; because in addition to what has been already advanced going to show that this must be so, the husband if entitled to the estate at all by the curtesy, has the right to it immediately upon the death of his wife, or it would not be as has been already shown a *continuation* of the estate or right of the wife : but if the wife was seised only in trust for the use of another and not for her own benefit, at the time of her death, the husband cannot take, for Chief Baron Gilbert in his treatise on Uses and Trusts, 171, lays it down that "tenant by the curtesy or tenant in dower, cannot be seised to uses, because they come to these estates by the disposition of law, for the advancement and encouragement of matrimony ; and those estates are given them

(Chew *v.* Commissioners of Southwark)

for their own maintenance, and are consequestly exclusive of all other uses, for the advantage of other people." And besides, to permit the husband to take the estate for his own use on the death of his wife, where she was only seised of the freehold as a trustee, would be in direct violation of the trust and of the rights of the *cestui que trust,* which are paramount to that of either the wife or the husband, and therefore is not to be tolerated for a moment.

. Now in the case under our consideration it is manifest that the wife of the plaintiff, during the whole of her coverture, was at most only a naked trustee of the freehold, and if seised at all, was seised of it as such trustee merely, without any beneficiary interest in it whatever; and being so, according to the principles which have been mentioned, and which seem to be well settled both at law and in equity, I do not see how it is possible for the plaintiff to recover. The case of *Dethrick* v. *Bradburn,* 2 *Sid.* 110, so much relied on by his counsel, has very little if any resemblance to the present: for there the rent was granted in the first instance to the wife *dum sola* and her heirs *for their only use;* the payment of which, as is in every grant of the kind, was to commence at a future day; only that it was postponed to a certain day next after the death of *J. S.,* an event uncertain as to the day when it would happen, but still nothing more certain than that it would sooner or later take place, instead of fixing on a future day certain, without reference to an event that must happen, though uncertain as to the day when that would be; so that from the very commencement of the grant, which was of the *time present* in its terms, it was for the exclusive benefit and use of the wife and her heirs: there was no particular estate for life or of freehold carved out of it, to be enjoyed by any other person before it was to come to the use of the wife and her heirs, but the whole entire rent was granted immediately to her in fee; she may therefore be said in the words of the law *habere hæreditatem,* that is to have been seised of the freehold as well as the inheritance, so far as the nature of the estate would possibly admit of it. But in the case before us, the wife of the plaintiff had at most only a reversion or remainder in fee in the rent, expectant upon the determination of an equitable estate for life belonging to another person who out-lived her. It may also be observed that the case in *Siderfin* does not appear to have been decided by the court: it is only the opinion of Chief Justice Glyn, that is given in favour of the husband's right to the rent as tenant by the curtesy, which however I am not disposed to controvert.

　　　　　　　　　　The judgment is affirmed.