## NOAH BLOOD *versus* SILAS BLOOD.

If a deed of land be recorded without having been acknowledged before a magistrate, the record is of no effect.

A widow is not entitled to dower in lands which her husband had conveyed before marriage, although the deed was not recorded at the time of the marriage.

Thus, where the owner of land, before his marriage, by a deed never acknowledged and recorded, leased the same for the life of the lessee, and the lessee survived him, it was *held*, that the *widow of such owner was not entitled to dower in the land,* his seisin being defeated by the deed.

THIS was an action for the breach of the covenants of freedom from incumbrances and of warranty, contained in a deed dated the 9th of December, 1825, from the defendant to the plaintiff, of a parcel of land in Dunstable. The declaration

set forth, that the premises, at the time when the conveyance was made, were, and ever since had been subject to the right of dower of Rebecca Blood, the widow of Silas Blood junior, deceased.

The trial was before *Wilde* J.

It appeared, that the defendant, on the 7th of September, 1807, conveyed the premises to Silas Blood junior, in fee, by a deed of warranty acknowledged and recorded; that Silas Blood junior entered upon and occupied the premises, from the time of the conveyance until his death, which took place on the 5th of October, 1815; that the defendant was appointed administrator of his estate, and having duly obtained a license to sell the real estate of the deceased for the payment of his debts, sold the premises, by auction, to George Johnson, on the 5th of April, 1817, and conveyed the same to him accordingly; and that on the same day, Johnson sold, and by his deed of that date, conveyed the premises to the defendant in fee.

It further appeared, that in November 1807, Silas Blood junior was married to Rebecca Blood before mentioned; that her dower in this land had never been assigned to her; and that since the commencement of this action, she had demanded it of the plaintiff.

The defendant contended, that Rebecca Blood had no right to dower in the premises, and, in support of this position, offered in evidence a lease of the premises, to himself for his life, from Silas Blood junior, dated on the 7th of September, 1807. This lease had never been acknowledged, but was recorded in the registry of deeds, on the 15th of February, 1815. The defendant also offered to prove that the lease was executed and delivered by Silas Blood junior, at the same time that the defendant's deed to him was executed and delivered. The plaintiff objected to the admission of this lease and of the evidence offered in connexion therewith. But the judge overruled the objection, and admitted the evidence, subject, however, to the opinion of the whole Court.

The case was then taken from the jury by consent. If the whole Court should be of opinion, that the plaintiff was entitled to recover, the defendant was to be defaulted, and the damages assessed in such manner as the Court should direct;

Blood
v.
Blood.

but if the plaintiff was not entitled to recover, he was to become nonsuit.

The cause was argued in writing.

*B. Russell*, for the plaintiff. The lease was improperly admitted in evidence, it never having been acknowledged.

Rebecca Blood was clearly entitled to dower in the premises at the time when they were conveyed by the defendant to the plaintiff, unless her right was cut off by the lease. The *St.* 1783, *c.* 37, § 4, which was in force at the time when the lease was made, provides, that no conveyance of any freehold estate in land, nor any lease for more than seven years, shall be effectual to hold the land against any other person than the *grantor* and his *heirs*, unless the deed is acknowledged and recorded. Now Rebecca Blood is neither the *grantor* of this lease, nor the *heir* of the grantor, as the terms are used in the statute, but is to be regarded as a mere stranger ; and as it has never been acknowledged, the recording is to be viewed as a nullity against her. The lease cannot, therefore, operate to defeat her claim to dower. Revised Stat. *c.* 2, § 6, *art.* 5, and *c.* 60 ; *St.* 1783, *c.* 40, § 1 ; *Doe* v. *Roe*, 1 Johns. Cas. 402 ; *Heister* v. *Fortner*, 2 Binney, 40 ; *Chapman* v. *Gray*, 15 Mass. R. 444 ; *Marshall* v. *Fisk*, 6 Mass. R. 24 ; *Pidge* v. *Tyler*, 4 Mass. R. 541 ; *Catlin* v. *Ware*, 9 Mass. R. 218 ; *Shaw* v. *Poor*, 6 Pick. 86.

There is no evidence, that the widow ever had any intimation, that there was such a lease in existence ; and even if she had seen the lease upon record before the intermarriage, she would not have been bound to notice it, any more than a purchaser. *Trowbridge's Reading*, 3 Mass. R. 573 ; *Prescott* v. *Heard*, 10 Mass. R. 60 ; *Farnsworth* v. *Childs*, 4 Mass. R. 637.

The lease, so far as regards Rebecca Blood, cannot, in any event, be deemed any thing more than a lease for years ; and at the end of seven years from its date, it became void and ineffectual against her, even as such lease. *St.* 1783, *c.* 37, § 4 ; *Chapman* v. *Gray*, 15 Mass. R. 444 ; Revised Stat. *c.* 59. Silas Blood junior then had such a seisin of the premises during his marriage, as entitled his widow to dower.

In any event, the widow is entitled to her dower in the

premises after the expiration of the life estate of the defendant, if he ever had any, in the premises. 1 Co. Lit. 32 *a*; 1 Cruise's Dig. *tit.* 6, *c.* 3, § 10, 15 ; *Eldredge* v. *Forrestal*, 7 Mass. R. 253.

> Blood
> *v.*
> Blood.

The purchase of the fee by the defendant, of Johnson, was, in law, a merger of the defendant's life estate, if he had any, at the decease of Silas Blood junior ; and in that case Rebecca Blood would be entitled to her dower in the premises 1 Cruise's Dig. *tit.* 1, § 58, and *tit.* 8, *c.* 2, § 24, *et seq.*, *Wade* v. *Howard*, 6 Pick. 492 ; *Gibson* v. *Crehore*, 3 Pick. 475.

*Farley*, for the defendant. Silas Blood junior was never so seised during the coverture as to entitle his wife to dower. At the same time that the land was conveyed to him, he executed the lease to the defendant for the life of the latter. Silas Blood junior had therefore only an instantaneous seisin of the land ; which is not sufficient to support a claim to dower. *Holbrook* v. *Finney*, 4 Mass. R. 566. A wife is not dowable in a reversion. *Eldredge* v. *Forrestal*, 7 Mass. R. 253; *Fisk* v. *Eastman*, 5 N. Hamp. R. 240.

It is contended by the plaintiff, that the lease was not admissible in evidence, because not having been acknowledged, it could not be properly registered. Our answer is, that it was a valid conveyance, and was binding upon Silas Blood junior, and all claiming under him. *Marshall* v. *Fisk*, 6 Mass. R. 24 ; *Pidge* v. *Tyler*, 4 Mass. R. 541.

It is said, that the defendant, having bought the land after the decease of Silas Blood junior, the leasehold estate was merged in the fee, and so Rebecca Blood was entitled to dower. Our answer is, that unless the wife had an inchoate right of dower during coverture, no act of a third person could create a right after the termination of the coverture. A merger of the estate could not relate back so as to entitle the wife to dower.

DEWEY J. delivered the opinion of the Court. This case presents the single point, whether the premises conveyed by the defendant, with covenant of warranty that the same were free from a l incumbrances, were at the time of making the conveyance subject to a right of dower in one Rebecca Blood, the widow of Silas Blood junior.

> *Oct. 16th.*

The statutes of this Commonwealth giving to a widow a right of dower in the estate of her deceased husband, do not particularly define the nature and extent of that interest, but provide that she shall be entitled to her dower at common law in the lands of her husband, unless she is lawfully barred thereof.

*Littleton*, § 36, thus defines dower at common law. " Tenant in dower is, where a man is seised of certain lands or tenements in fee simple, fee tail general, or as heir in special tail, and taketh a wife and dieth, the wife, after the decease of her husband, shall be endowed of the third part of such lands and tenements as were her husband's at any time during the coverture."

It will be readily perceived, that among the things essential to create a right of dower, one is, that the husband should. at some period during the coverture, be seised of the estate in which dower is claimed, although, in favor of the rights of the wife, it may be either a seisin in law or a seisin in deed.

This principle, which is fully stated in the elementary books, has been directly recognized in this Commonwealth in the case of *Eldredge* v. *Forrestal*, 7 Mass. R. 258, where it was held, that a legal seisin by the husband, of a vested remainder, is not sufficient to entitle his widow to dower. The same doctrine was stated in *Dunham* v. *Osborn*, 1 Paige, 634, and *Blow* v. *Maynard*, 1 Leigh, 30.

We are then brought to the inquiry as to the effect of the lease of Silas Blood junior to the defendant, of the 7th of September, 1807, upon the subsequent seisin of the grantor, in the premises in which a right of dower is said to exist. This lease has never been acknowledged before a magistrate, and, though in form certified to have been recorded, yet, for the reason just stated, could not legally be recorded in the office of the register of deeds.

The case is, therefore, substantially the same as one of a lease for a term of more than seven years executed by a party before his marriage, but never recorded, and presents the gen eral question, whether a widow is entitled to dower in land which her husband had conveyed, before marriage, by a deed unrecorded at the time of the marriage.

It is contended, that by the *St.* 1783, *c.* 37, § 4, such a

conveyance is not good and effectual in law as against any other persons than the grantor and his heirs, and that the widow of the grantor not standing in either of these relations, cannot be barred by it. It is true, that the widow is not the grantor; nor does she claim in the capacity of heir at law of the grantor. But it is also true, that she does found her claim wholly upon the seisin of the grantor of these lands after the execution and delivery of this lease; and if the effect of an unrecorded conveyance was, as regards the husband, such as to defeat his seisin, the right of the widow must fail.

The error of the plaintiff is in not properly considering the peculiar character of the estate alleged to be in Mrs. Blood. Her title rests entirely upon a right of dower at common law. The principles of the common law require a seisin of her husband in the premises, during the coverture; but the unrecorded lease of her husband was good and effectual as against the grantor, and, by the force and effect of it, he parted with his legal seisin, so that at no period of time after the intermarriage with Mrs. Blood, was he, in any manner, seised of the land conveyed by the defendant with covenants of warranty to the plaintiff.

This view of the case is also a perfect answer to the suggestion of the counsel for the plaintiff, that Mrs. Blood may be entitled to her dower in the premises after the termination of the life estate of Silas Blood senior, as well as to the further suggestion, that the acceptance by the defendant of a deed of the fee of the land from one George Johnson, who had purchased the same at an administrator's sale, was a merger of the life estate of the defendant, and would operate to give a right of dower to Mrs. Blood. These suggestions do not, in any degree, avoid the objection which lies at the foundation of the claim of dower in the widow, that her husband was not seised at any time during the coverture. The Court are, therefore, of opinion, that there has been no breach of the covenant in the deed of the defendant; and the plaintiff must become nonsuit.