Wright, J.,
delivered the opinion of the Court.
The complainant, Elizabeth, is the widow of Jonathan* Holeford, and claims dower in a tract of 150 acres of land in Overton county.
It belonged to his father, John Holeford, who died about the year 1835, leaving a will, in which he devised this land to his wife, Sally Holeford, during her widowhood, with remainder, in fee, to said Jonathan Holeford.
He married the complainant, Elizabeth, and died during the lifetime of his mother, the said Sally Holeford, who never again married, and is now dead.
The question now is, whether the said Jonathan was* so seised of said tract of' land, or had such estate or interest in the same, as that complainant Elizabeth can be endowed thereof?
The Chancellor was of opinion he had, and so decreed. ■
In this we think he erred.
At the common law, clearly, she was not entitled to- *350 dower, because ber husband, Jonathan Holeford, was never seized of this estate. He bad, to be sure, an estate of inheritance in remainder, but the freehold and life estates, and therefore the seizin, were in Sally Holeford, who survived him.
Blackstone in the 2d volume of his Commentaries, page 122, in treating of freehold estates, not of inheritance, says, “such estates for life will, generally speaking, endure as long as the life for which they are granted; but there are some estates for life, which may determine upon the future contingencies, before the life for which they are created expires. As if an estate be granted to a woman during her widowhood, or to a man until he be promoted to a benefice; in these, and similar cases, whenever the contingency happens, when the widow marries, or when the grantee obtains a benefice, the respective estates are absolutely determined and gone. Yet while they subsist, they are reckoned estates for life; because the term for which they will endure being uncertain, they may,- by possibility, last for life, if the contingencies upon which they are to determine do not sooner happen.”
So that in this case, and for the purpose of the determination of this question, there can be no doubt that we are to regard Sally Holeford as the owner of this estate for her life, and as having the freehold and seizin.
This being so, it is impossible that complainant, at the common law, can be endowed of this land.
An indispensable element in the claim to dower, was the seizin of the husband during coverture. An actual seizin was not necessary; a seizin in law being sufficient. But the freehold and inheritance must be consolidated, *351 and be in the husband simul et semel during the marriage, to render the wife dowable. 4 Kent, 39. He must have been seized, during the coverture, of a present freehold estate, as well as of an estate of inheritance in the premises. Dunham v. Osborne, 1 Paige, 634.
The term seizin had a fixed legal meaning among common law writers; and whenever a freehold estate, such as that of Sally Holeford, existed in another, and prevented the husband from an immediate possession and enjoyment of the inheritance, his wife was not entitled to dower, because he had no seizin of the estate.
The authorities even went so far as to hold that, if upon the determination of a particular freehold estate, the tenant held over and continued his seizin, and the husband died before entry, or if he died before entry in a case of forfeiture for a condition broken, his wife was not dowable, because he had no seizin either in fact or in law. 4 Kent, 38.
These authorities are not controverted by complainant’s counsel. But they insist that this rule of the common law has been so changed by the act of 1784, ch. 22, sec. 8, that she may now have dower in this estate.
To this we cannot assent. We find nothing in this act to justify any such conclusion, but quite the contrary.
By it the widow’s dower is now to be one-third part of all the lands, tenements, and hereditaments of which her husband died seized or possessed, during her natural life.
It is evident that those who framed this act well understood the principles of the common law, and the meaning of its terms. In employing the term seized, *352 we cannot doubt that they used it in its well-known common law sense; and so we must take it. This is the settled rule in the construction of statutes. If it had been intended to endow the wife of a remainder dependant upon a freehold estate, very different language would have been used.
An example may be found in the second section of the act changing the common law rule of descents. Here the provision is that when any person shall die seized, or possessed of, or having any right, title, or interest in and to any estate or inheritance of land, or other real estate in fee-simple, and such person shall die intestate, &c. This so altered the common law rule as to make the actual seizin of the ancestor unnecessary in order to make him the root or stock from which an inheritance might be transmitted; and now he may be accounted an ancestor who hath only a bare right or title to enter, or be otherwise seized. 2 Black., 209.
But as to the right of dower, we find no such phraseology. Statutes are not presumed to make any alteration in the common law further or otherwise than the act expressly declares, and are to be construed as near to the rule and reason of the common law as may be. 7 Bac. Ab. 456.
Looking to the entire act, we cannot doubt, that in order to entitle the widow to dower, it is still necessary that the husband shall, during the coverture, be seized of a present freehold estate, as well as of an estate of inheritance in the premises.
The term “possessed,” used in the statute, cannot help complainant. For if it mean anything more than the word “seized,” it certainly cannot be extended to *353 an estate of which the husband was neither seized or possessed, and to the possession and enjoyment of which he had no right till the determination of an outstanding life estate. In Tipton v. Davis, 5 Hayw., 279, it is held not to embrace leasehold or equitable estates; and that the term possessed is not to indicate the quantum of estate, but the manner of occupation: and signifies, though not actually seized by inhabitancy, yet if he be so entitled by deed to a, legal estate, as to have a legal right to the possession, then she shall be endowed.
But all this is, it seems to us, embraced within the common law sense of the term seized. And if so the terms are synonymous. But it is not necessary for us so to adjudge, conclusively.
If it be thought the law should be otherwise it is for the Legislature to change it, as was done in regard to equitable estates and estates in mortgage. Until this is done we must declare the law as we find it.
The decree of the Chancellor will be reversed, andl the bill dismissed with costs.