Scott, C.J.
By the common law there are four requisites necessary to make a tenancy by the curtesy: marriage, seizin of the wife, issue, and the death of the wife. As to the seizin requisite to the creation of this estate, it said by Blackstone, “ The seizin of the wife must be an actual seizin, or possession of the lands; not a bare right to possess, which is a seizin in law, but an actual possession which is a seizin indeed. And, therefore, a man shall not be tenant by the curtesy of a remainder or reversion.” 2 Bl. Com., 127. Such, beyond all question, is the rule of the common law, as to corporeal hereditaments.
This rule, requiring actual seizin of the wife, was not applied to incorporeal hereditaments, for the good reason, that, from their nature, livery of seizin was impossible. As to inheritances of this kind, a seizin in law was deemed sufficient *369 to entitle the husband to be tenant by the curtesy; because,, as was said by Coke: “ The wife hath those inheritances-which lie in grant and not in livery, when the right first descends upon her; for she has a thing in grant, when she has-a right to it, and nobody else interposes to prevent it.” But in respect to lands, inasmuch as the rule of the common law required actual seizin of the freehold, as well as a right to-the inheritance, on the part of the wife, during the coverture, as a requisite to tenancy by the curtesy, the result stated by Blackstone necessarily followed, that a man could not be tenant by the curtesy of a reversion or remainder, where-there was an outstanding éstate of freehold in another-. Such an estate, in expectancy merely, could, from its nature, confer no right of present possession. In adopting, in this country, from the common law, the tenancy by curtesy, the rules which prescribe the character or kind of estate to which it attaches, seem uniformly to have been regarded as also-adopted. In the absence of statutory enactments, the common law, of which this estate is the creature, must furnish the rule on this subject. It is accordingly laid down by Kent in his commentaries, that “if there be an outstanding-estate for life, the husband can not be tenant by the curtesy of the wife’s estate in reversion or remainder, unless the particular estate be ended during the coverture.” 4 Kent’s Com. 28; Stoddart v. Gibbs, 1 Sumner, 263; Blood v. Blood, 23 Pick., 80; 7 Mass. R., 253; 5 N. Hamp. R., 469; Mackey v. Proctor, 12 B. M., 433; 1 Barb. Ch. Rep., 598; Tayloe v. Gould, 10 Barb. Sup. Ct. Rep., 388.
But the principal reason of the rule requiring actual seizin by the wife, in order to tenancy by the curtesy, is said by Blackstone to be, “because, in order to entitle the husband, to such estate he must have begotten issue that may be heir to the wife; but no one, by the standing rule of law, can be heir to the ancestor, of any land whereof the ancestor was not actually seized.” 2 Bl. Com., 128.
Though this principal reason of the rule no longer exists, even in England, yet it is said that the rule itself remains tuere, unaffected by the failure of its main reason. 2 Wend. *370 Bla. 128, note, 32. But in this country it has been frequently held otherwise. Where ownership, without seizin, regulates the descent of real estate, and gives the right to dispose thereof, either by deed or will, the rule requiring actual seizin in deed, has been held not to apply. And in none of the States have the courts gone further in this direction, than in our own. In Lessee of Borland v. Marshall, 2 Ohio St. Rep. 308, this court, proceeding on the maxim “ eessante ratione, eessat ipsa lex,” held, that inasmuch as seizin of the ancestor was never necessary to inheritance in this State; a husband may, therefore, be tenant by the curtesy, though the wife was never seized in deed, either actually or constructively of the lands, and though the same were adversely held, during coverture, by another person. The question was again examined, and this decision approved, in the case of Merritt v. Horne, 5 Ohio St. Rep. 308. In the former of these cases, the subject was very fully considered, and the conclusion arrived at by the court, was said not to be “ in conflict with the principles of the common law. Eor, even at common law, a seizin in law, is sufficient to give curtesy in all inheritances created without entry. 3 Bac. 12; Jackson v. Johnson, 5 Cowen 98; Ellsworth v. Cook, 8 Paige 643. It is, therefore, a mere application of a common law principle, to say that a seizin in law is sufficient in Ohio, where in no case is an entry necessary to create an inheritance.”
With the rule established by these cases, we are entirely satisfied. But we are now asked, by the plaintiff in error, to go much further; and to hold that even a seizin in law by the wife, that is, a right to possess the premises, is not necessary to make the husband tenant by the curtesy. For in the present case, the life estate of Mrs. Thornton was outstanding at the death of her daughter, Mrs. Watkins, in right of whom the plaintiff in error claims the curtesy. It is clear, then, that Mrs. Watkins had not, during her life, a possession in •deed, either actual or constructive, of the premises in controversy, nor had she any right to their possession. The actual seizin of the freehold, was rightfully in her mother. In the case of Borland’s Lessee v. Marshall, the wife had the right *371 to the possession of the lands, though she was wrongfully, disseized of them; and this, the court held to be sufficient, ■but at the same time carefully excluded the inference, which is now sought to be drawn from their reasoning. When they say the wife’s right of possession is a sufficient seizin to give curtesy to the husband, the inference can not be fairly drawn ■that even this right of possession is wholly unnecessary. Nor do we think their reasoning leads to this conclusion. Eor, admitting the reason assigned by Blackstone to be the sole reason for requiring actual possession of the lands by Ihe wife, it does not follow that this is also the sole reason for requiring a right of present possession. An estate, which, from its nature, confers a right of present possession, may have been necessary for a general reason; while actual possession, or livery of seizin, may have been necessary for a further and special reason. The special reason requiring seizin in deed, has no existence in Ohio, and that part of the rule may, therefore, be properly held inapplicable, and yet the primary reason, or ground, on which tenancy by the curtesy rests, may be left in full force, and may require a seisin in law, that'is a right of possession.
The origin of tenancy by the curtesy appears to be involved in obscurity, and resting as it does upon no clearly defined moral foundation, it must be regarded as the mere creature of the law. In the case of Stoolfoos v. Jenkins, 8 Serg. & Rawle, 175, it was said by the court (Duncan, J), “ The husband’s interest in the land is not the land itself. Even if he had issue by her, he has but a life estate, and that only, in strictness, where he reduces it into possession, during the coverture. The actual seizin of the husband during coverture is necessary to entitle him, as tenant by the curtesy, by the common law; though such actual' seizin by the husband is not necessary by our law, if there be a potential seizin, or right of seizin. This has been decided to be sufficient in this State. It is an excrescence of the wife's seizin. He is seized in jure uxoris. If it be a chattel of his wife’s, it is his absolutely; if a chose in action, and he reduces it into *372 possession, it is his; but if he does not, and she survives: him, it is hers.”
The husband’s right as tenant by the curtesy, is a mere continuation of the right possessed during coverture, and the policy of the law is, in the main, similar both as to the wife’s' real and personal estate. The. husband shall not, upon the death of the wife, be deprived of her chattels or choses in action, which he has reduced to possession during the coverture nor, if he has had issue by her, for whose nurture and main tenance he has become chargeable, shall he be turned out of possession of her lands, which such issue might have inherited from her. But in either case, his rights are a mere continuation of those acquired during coverture, and can become-no greater than they were during the wife’s life. If, then, there was no right of present seizin in the wife during coverture, by reason of an outstanding estate of freehold in another, there could be no estate in possession, to be continued to the husband — and the inheritance of the wife, being an estate in expectancy only, must descend immediately to her heirs.
But it is said that Mrs. Watkins had a vested remainder in the premises, which was inheritable by her issue ; or in other words, that she had seizin in law of an estate of inheritance, and that this case is therefore not distinguishable, upon principle, from the case of Borland v. Marshall. But we apprehend there is a clear and substantial distinction between a seizin in law of lands, which implies a right of present possession, and a seizin in law of an estate of inheritance, in expectancy, therein, which, in the case of an outstanding freehold, excludes all right of present possession. A distinction has always been taken in pleading, by the rules of the common law, between a reversion depending upon an estate for life, and one expectant on the determination of a lease for years. In the latter case the party might plead that he was seized in his demesne as of fee, but in the former he could only plead that he was seized as of fee (6 Jacobs’ L. Dict. 41); Dyer, 185, 257. The former expression imported manual occupation, while the latter did not. The distinction is still more obvious *373 where no estate of any kind intervenes to prevent presen: enjoyment of the inheritance. Where the estate consists of a rent, actual seizin, that is, receipt of the rent by the wife or the husband, during coverture, is not necessary, even in England, to give the husband a right by the curtesy. Still, there must have been, during coverture, a present right to receive the rent when it should become payable.
In Pennsylvania, while the rule of the common law, requiring seizin in deed is rejected, because there, as well as here, the reason of it is inapplicable, yet the courts hold that there can be no tenancy by the curtesy of a remainder or reversion, expectant upon an estate for life, if the particular state continue till the death of the wife. Chew v. Com. of Southwark, 5 Rawle, 160. In this case, the court said: “It is not necessary to entitle a husband to claim by the curtesy in this state, that there should have been, what is considered in England, an actual seizin of the wife, or the husband, during the coverture. It is sufficient if she were invested with the title to an estate of inheritance, and had seizin of the freehold thereof in law, by having a right to demand and receive the rent accruing from the enjoyment of it, either by a tenant at will or for a term of years, if out on lease; or otherwise to demand and recover the immediate possession thereof; or as the late Mr. Justice Duncan expresses it in Stoolfoos v. Jenkins, 8 Serg. & Rawle, 175, “If there was a potential seizin or right of seizin.” . . . “ But still,” say the court, “ there must be a seizin of the freehold, as well as a right to the inheritance, during the coverture, or what shall be deemed quivalent thereto, having regard to the nature of the estate.”
The rule of the common law has thus been substantially preserved, as well in this State, as in others. And to change it, in matter of substance, by giving the husband a right by the curtesy, where there has been, during coverture, not even a potential seizin of the freehold, would be the exercise of legislative power. And so long as a right of seizin of the freehold is necessary to give dower to the wife, it is not easy to assign a satisfactory reason why the counter estate by the *374 curtesy, should be more favored. At all events, we can but declaro what the law is.
The judgment of the district court must be affirmed.
Sutliee, Peck, Gholson, and Brinkerhoee, JJ., concurred.