HENRY E. TREMAIN *v.* THE GUARDIAN MUTUAL LIFE INSURANCE COMPANY AND OTHERS.

*Action brought by one creditor, in behalf of himself and all other creditors — discontinuance of.*

Where one creditor commences an action against a corporation " in behalf of himself and all others interested either as creditor or stockholder," he may discontinue the same at any time before the entry of judgment without the consent of the other creditors.

APPEAL from an order denying a motion to vacate an order discontinuing this action.

*Redfield & Hill,* for Wheelock and others, appellants. The plaintiff's dominion on this kind of proceeding is not absolute. It is qual-

ified by the right of others to come in and participate, and when they do come in the plaintiff cannot abandon the action except for himself. (*Brownson* v. *Lacrosse R. R.*, 2 Wall., 283, 302 ; *Peck* v. *N. Y. and L. Steam Co.*, 3 Bos., 622 ; *Thayer* v. *Tool Co.*, 4 Gray, 75 ; *Adair* v. *New River Co.*, 11 Ves., 429 ; Story Eq. Pleading, § 116 ; id., § 99 ; 2 Daniels, chap. 1213 ; 2 Smith's Ch. Prac., 111.) Such parties are not compelled to submit the conduct of their entire defense to the original party. They may, by petition, be made parties and let into the cause, if their rights are interwoven with others, so that they will be simultaneously disposed of. (*Smith* v. *Button*, 2 P. & H. [Va.], 124 ; 1 Daniel's Ch. Prac., 406 ; Story Eq. Pldg., 116 ; *Wood* v. *Dummer*, 3 Mason, 315 ; *Govman* v. *Russell*, 14 Cal., 531 ; Mitford Eq. Pleadings, 178 ; *Waite* v. *Simple*, 1 S. & S., 219 ; *Binny's Case*, 2 Bland., 99 ; *Warfield* v. *Banks*, 11 G. & J., 97 ; 1 Daniel's Ch. Prac., 429 ; *Blossom* v. *R. R. Co.*, 1 Wall., 655 ; *Withenburg* v. *U. S.*, 5 id., 820 ; *Crawshay* v. *Southern*, 6 id., 739 ; *Cook* v. *Younghall R. R.*, 4 Ct. App., 753 ; *Galveston R. R.* v. *Cowdsay*, 11 Wall., 459 ; 1 Barb. Ch. Prac. [2d ed.], 226, 227 [bottom paging, 444, 445], and cases cited ; *Holkirk* v. *Holkirk* 4 Mad. Ch., 57.) The complaint was a joint one, and Tremain had no right to abandon the suit except for himself. (*Kellogg* v. *Forsyth*, 24 How., 215, 186 ; *Johnson* v. *Hamersly*, 24 Beav., 498 ; *Armstrong* v. *Stover*, 9 id., 277 ; *Todd* v. *Daniel*, 16 Pet., 523.) They, therefore, had a right to prosecute the suit for their benefit. (2 Daniel Ch. Prac., 1460 ; *Ellison* v. *Thomas*, 1 DeG., J. & S., 18 ; *Kidd* v. *Cheyne*, 18 Jur., 348 ; *Barker* v. *Barker*, 39 N., 408, *Kellogg* v. *Forsyth*, 24 How. [U. S.], 215, 186 ; *Gifford* v. *Hart*, 18 Ch. & Let., 409 ; *Osborn* v. *Ulster*, 2 Bro. P. C., 304.)

*Robert Sewell*, for the respondents. A plaintiff commencing an action of this description, as he acts upon his own motion and at his own expense, retains, as in all other cases, the absolute dominion of the suit until decree. He may dismiss the bill at his pleasure. (Daniel's Ch. Prac., vol. 1, p. 234 ; *Edminston* v. *Leide*, 8 Paige, 637 ; *Handford* v. *Stone*, 2 S. & S., 196 ; *York* v. *White*, 10 Jur., 168 ; *Armstrong* v. *Storer*, 9 Beav., 277 ; *Johnson* v. *Hammersly*, id., 498 ; *Whittington* v. *Edwards*, 7 W. R., 72 ; *Inchley* v. *Alsop*, 7 Jur. [N. S.], 1181 ; *Hubbell* v. *Warren & Allen*, 173 ; *Updike*

v. *Doyle*, 7 R. J., 446; *Collins* v. *Taylor*, 3 Greene Ch., 163; Daniel's Ch., 244–794; *Matteson* v. *Demarest*, 1 Robt., 717; *Innes* v. *Lansing*, 7 Paige, 583.)

BARNARD, P. J.:

The plaintiff brought this action "on behalf of himself and all others interested in the Guardian Mutual Life Insurance Company, either as creditor or stockholder." The plaintiff settled his own claim with the defendant and agreed to discontinue the action. Upon applying to his attorneys for a consent to discontinue, they declined, saying that they had other clients similarly situated with plaintiff, but they gave a consent to substitute another attorney. The old attorneys entered an order joining three persons as co-plaintiffs, without notice to any one, and after giving consent to substitute, and the defendants, on the consent of the substituted attorney, entered the order of discontinuance. Upon this consent to discontinue, by the new attorney, there was indorsed a consent, by the old attorneys, to waive notice of motion for the order thereon. The new plaintiffs moved to vacate the order of discontinuance, and the motion was denied.

The plaintiff had the right to settle and discontinue his action at any time before the rights of others were affected by his acts. This seems to be well settled in this State. In *Edmiston* v. *Lyde* (1 Paige, 636) the chancellor says that the parties standing in the same situation with the plaintiff may come in under the decree and contribute to the expense of the suit. In *Innes* v. *Lansing* (7 Paige, 538) it was held that a creditor who files a bill in behalf of himself and all others, may discontinue his suit at any time before decree, for "the benefit of himself and the other creditors," without the consent of the other creditors. In *Matteson* v. *Demarest* (1 Robt. Supr. Ct. R., 717) it was held that this rule had not been affected by section 119 of the Code.

Order should be affirmed with costs and disbursements.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.