WARD *vs.* KILTS & VAN SLYKE.

In proceedings before a surrogate by a widow to obtain *admeasurement of dower*, it is necessary to give notice of such proceedings only to the *tenant of the freehold;* tenants for years are not entitled to notice.

After admeasurement of dower, the widow may sue for the recovery of the specific portion assigned to her; and is not bound to ask for *an undivided third* of the premises whereof her husband died seised.

The *statute of limitations* barring dower, is prospective, and not retrospective.

THIS was an action of *ejectment* for *dower*, tried at the Herkimer circuit in March, 1832, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The plaintiff was the widow of *Charles Ward*, who in 1809 or 1810, died seised of a farm in Herkimer county, which after his death was sold under a judgment against his heirs, and purchased by *Caleb T. Ward.* In April, 1831, the plaintiff applied to the surrogate of Herkimer for an admeasurement of her dower, of which application due *notice was given to Caleb T. Ward*, and July, 1831, a report of commissioners appointed to make admeasurement, was confirmed by the surrogate, and a certain portion of the farm assigned to the plaintiff as her dower. On the 22d August, 1831, this action was commenced, the plaintiff claiming to recover the *premises assigned* to her as dower; and not *an undivided third part* of the farm whereof her husband died seised. At the time of the commencement of the suit, the defendants were in possession of the premises as the *tenants* of Caleb T. Ward, for the term of *one year*, having entered in February, 1831. The plaintiff having rested, the defendants moved for a nonsuit, on the grounds, 1. That the defendants not being parties to the proceedings before the surrogate, could not be affected by them; 2. That not being such parties, the plaintiff should have declared for *an undivided third* of the farm and not for the *specific portion* assigned to her; and 3. That not having demanded her dower within 20 years after the death of her husband, the plaintiff was barred from maintaining her action. The motion for a nonsuit was denied, and the jury found a

NEW-YORK,
May, 1834.

Ward
v.
Kilts.

verdict for the plaintiff, for the premises claimed in the declaration, subject to a case to be made. The defendants moved to set aside the verdict.

*C. P. Kirkland,* for the defendants.

*M. T. Reynolds,* for the plaintff.

*By the Court,* SAVAGE, Ch. J.    I will consider the questions raised at the circuit in the order there presented.  1. Should the defendants have had notice of the proceedings before the surrogate ?  The statute directs, 2 R. S. 488, that the widow whose dower shall not have been assigned to her within 40 days after the decease of her husband, may apply by petition for the admeasurement of her dower ; a copy of the petition, with notice of the time and place when and where it will be presented, shall be served at least 20 days previous to its presentation, upon the heirs of her husband ; or if they are not the owners, then upon the owners of such lands claiming a freehold estate therein—not upon a tenant for years, or as in this case, a tenant for a single year.  But it may be said that by the 17th section, p. 491, the admeasurement is conclusive as to its location and extent on the parties who applied for it, and on all parties to whom notice shall have been given as before directed, and upon those only.  This section speaks of the notice before directed, and that notice is necessary only upon the owners claiming the freehold ; it follows that notice upon the owner of the freehold, is notice to all holding under such owner.  There is a good reason why the owner should have notice, because the widow claims to take one third of his farm ; and he is interested in protecting his property and taking care that she does not receive a greater proportion than she is entitled to, and that it shall be assigned where it shall best accommodate the parties during the continuance of a freehold estate.  But if the owners are agreed where the admeasurement shall be made, the mere cropper or tenant for one or more years ought not to interfere, and procure a different arrangement for his benefit.  The statute does not recognize any third party, or subordinate interest·

The widow and the owners of the freehold are the only parties to the admeasurement. If the tenants of the owners are incommoded by the admeasurement, they must seek their remedy against their landlords. It is clear they are not considered parties having a right to be heard upon the location of the widow's dower.

2. The preceding observations furnish an answer also to the objection to the declaration. The action is brought after admeasurement, and in such cases the declaration is the same as in the ordinary action of ejectment. 9 Wendell, 307, 310.

3. As to the right of dower being barred by lapse of time, that point has been settled in *Sayer* v. *Wisner*, 8 Wendell, 661, which decides the revised statutes creating the limitation to be prospective, and therefore not applicable here.

New trial denied.