## In the matter of Cregier and others, infants.

Where a son takes land by descent from his father, subject to the dower of his mother in the same, and her dower is afterwards assigned to her, such assignment relates back to the death of the father; so as to deprive the widow of the son, who died in the lifetime of his mother, of dower even in the reversion of the third of the estate which is assigned to the mother for dower.

Upon the same principle, where an estate descends to a daughter of the owner, who is a feme covert, and who dies in the lifetime of the mother to whom dower in the premises is subsequently assigned, the husband of such daughter will not be entitled to an estate by the curtesy in the third of the premises which is thus assigned to the widow of his wife's father for dower; even after the termination of the life estate of such widow in that third of the premises.

Where an estate comes to the husband or wife by purchase, subject to the mere contingent right of dower of the wife of the grantor in case she survives him, the grantee becomes seised of a present estate in the whole premises, subject only to a contingent right of dower in one third thereof. And upon the death of such grantee, during the life of the widow of the grantor, the husband, or wife, of such grantee, is entitled to an estate by the curtesy, or in dower, in the whole premises; subject only to the incumbrance of the prior right of dower in one third of that estate, during the actual continuance of that right.

But where an estate comes to a person by descent, as heir at law, he takes it subject to the present right of dower of the widow of the decedent; and the assignment of dower to the widow of the ancestor relates back to the time of the death of such ancestor, so as to prevent the seisin of the heir at law as of a present estate, in the third of the premises assigned to the widow during her life.

In the matter of Cregier.

The legal effect of such want of seisin, of a present estate during coverture, will be to deprive the surviving husband, or wife, of the heir, who dies during the continuance of such estate in dower, of any right to have curtesy, or dower, in that part of the premises, even after the death of the widow of the ancestor.

Where the widow of the father has dower assigned to her in the whole of the land, before the widow of the grandfather has been endowed—whether such assignment was voluntary or was obtained by suit against the son and heir—if the widow of the grandfather is subsequently endowed, the widow of the father, after the death of the widow whose claim was paramount, will be entitled to be restored to her dower in the whole premises; in the same manner as if the title of her husband had been conveyed to him by the grandfather in his lifetime, instead of coming to him by descent subject to the immediate right of his mother to a life estate in one third thereof.

In a case where two widows are claiming dower as against the infant heir, in the same part of the estate, simultaneously, the grandmother is to be considered as first endowed of one third of the infant's share, which endowment, by relation, defeats the seisin of the father of the infant, from the time of the descent cast upon him, as to that third; and the mother of the infant is only entitled to one third of the other two thirds, as her dower.

THIS was an application for the sale of the real estate of infants, in which certain adult parties interested in the premises, consented to join in the sale, upon receiving their several proportions of the proceeds thereof, and to pay their respective proportions of the costs of the proceedings. The farm, proposed to be sold, originally belonged to F. Vander Bogert, who died intestate, leaving his widow, Harriet Vander Bogert, surviving him, and five sons and one daughter, his only heirs at law. Isaac, one of the sons, afterwards died in the lifetime of his mother; leaving Augusta Vander Bogert, his widow, and one infant child surviving. The daughter of F. Vander Bogert also died after her father, and in the lifetime of her mother; leaving her husband S. Cregier surviving, and one infant child by him, her only heir at law.

The master to whom it was referred to ascertain the truth of the facts stated in the petition, and the value of the infants' interests in the farm, reported that their grandmother was entitled to dower in their respective sixth parts of the farm. He also reported that S. Cregier was entitled to a life estate, as tenant by the curtesy, in the whole of his daughter's undivided sixth part of the premises, subject to the dower of her grandmother. He

likewise reported that the widow of Isaac Vander Bogert was entitled to dower in the whole of her daughter's one sixth part of the premises, subject to the dower of the grandmother in the same. And he estimated the value of the life estate of S. Cregier, and of the dower of the widow of Isaac Vander Bogert, respectively, by deducting from the one sixth of the value of the farm, the value of the dower of the grandmother of the infants in that sixth, and then computing the value of the estate of S. Cregier as tenant by the curtesy, and of the dower of Augusta Vander Bogert, upon the principle of life annuities; in the same manner as if the shares had been conveyed to Isaac Vander Bogert and his sister in the lifetime of their father. He also computed the value of the estate by the curtesy of S. Cregier as if he had been forty years of age only, although he was nearer the age of forty-one than forty.

*J. Fuller* for the petitioner.

THE CHANCELLOR. The master has mistaken the legal rights of the parties in respect to their several interests in the premises. Where the husband takes land by descent from his father, subject to the dower of his mother in the same, and the dower is afterwards assigned to her, such assignment relates back to the death of the father; so as to deprive the widow of the son, who dies in the lifetime of his mother, of dower even in the reversion of the third of the estate which is assigned to the mother for dower. (*Dunham* v. *Osborn*, 1 *Paige's Rep.* 634.) And upon the same principle, where the estate descends to a daughter who is a feme covert, and who dies in the lifetime of the mother to whom dower in the premises is subsequently assigned, the husband of such daughter will not be entitled to an estate by the curtesy in the third of the premises which is thus assigned to the widow of his wife's father, for dower; even after the termination of the life estate of such widow in that third of the premises. (*Reynolds* v. *Reynolds*, 5 *Paige's Rep.* 161.)

I am aware that a contrary decision was made by the supreme

In the matter of Cregier.

court of this state in the case of *Bear* v. *Snyder*, (11 *Wend. Rep.* 592.) It is evident, however, that the learned Chief Justice Savage, who delivered the opinion in that case, had overlooked the distinction which exists between an estate which comes to the husband or wife by purchase, subject to the mere contingent right of dower of the wife of the grantor in case she survives him, and an estate by descent, which the heir at law takes subject to the present right of dower of the widow of the decedent. In the first case, the grantee of the land becomes seised of a present estate in the whole premises, subject only to a contingent right of dower in one third thereof. So that upon the death of such grantee, during the life of the widow of the grantor, the husband, or wife, of such grantee, is entitled to an estate by the curtesy, or in dower, in the whole premises ; subject only to the incumbrance of the prior right of dower in one third of that estate during the actual continuance of that right. But, in the other case, the assignment of dower to the widow of the ancestor relates back to the time of his death, so as to prevent the seisin of the heir at law as of a present estate in the third of the premises assigned to the widow during her life. And the legal effect of such want of seisin, of a present estate during coverture, will be to deprive the surviving husband or wife of the heir who dies during the continuance of such estate in dower, of any right to have curtesy or dower in that part of the premises, even after the death of the widow of the ancestor.

The rule on this subject is thus stated in Coventry's readable edition of Coke upon Littleton; "If there be grandfather, father and son, and the grandfather is seised of three acres of land in fee, and takes wife and dies, this land descends to the father, who dies *either before or after entry,* now is the wife of the father dowable. The father dies, and the wife of the grandfather is endowed of one acre and dies, the wife of the father shall be endowed only of the two acres residue. For the dower of the grandmother is paramount to the title of the wife of the father, and the seisin of the father, which descended to him, be it in law or actual, is defeated. And now upon the matter the

In the matter of Cregier.

father had but a reversion expectant upon a freehold; and in that case *dos de dote peti non debit,* although the wife of the grandfather dies living the father's wife." (*Cov. Coke,* 31, *a.*) And this rule is also recognized by Perkins, and by Park and other writers, as the settled law on the subject. (*Perk.* 139, § 315. *Park on Dow.* 154. *Watk. on Desc.* 65.) But where the widow of the father has dower assigned to her in the whole land before the widow of the grandfather has been endowed, whether such assignment was voluntary or was obtained by suit against the son and heir, if the widow of the grandfather is subsequently endowed, the widow of the father, after the death of the widow whose claim was paramount, will be entitled to be restored to her dower in the whole premises; in the same manner as if the title of her husband had been conveyed to him in his lifetime, instead of coming to him by descent subject to the immediate right of his mother to a life estate in one third thereof. (*Perk.* 140, § 316. *Coke Litt.* 31, *b.*)

In the present case, I presume there has been no actual assignment of the dower, either of the grandmother or of the mother of the infant daughter of Isaac Vander Bogert, in the one sixth of the estate which descended to him from his father. It must, therefore, be considered as a case in which both widows are claiming dower in that part of the estate simultaneously, as against the infant heir. In such a case, the grandmother must be considered as first endowed of one third of the infant's share; which, by relation, defeats the seisin of the father from the time of the descent cast upon him, as to that third, and the mother of the infant is only entitled to one third of the other two thirds, as her dower. The same principle must also be applied to the seisin of the mother of the other infant, which is defeated as to the one third thereof, by relation, from the death of F. Vander Bogert, the grandfather of the infant; so as to entitle her father to an estate by the curtesy in the other two thirds only. The computation of the value of the dower of Augusta Vander Bogert, in the share of the farm which has descended to her infant daughter, must be ascertained by deducting one third from the value of one sixth of the whole farm, and then computing her

In the matter of Cregier.

dower in the remaining two thirds, upon the principles of life, annuities. And the value of the life estate of S. Cregier in two thirds of his daughter's share, as tenant by the curtesy, must be ascertained in the same manner.

The master also erred in computing the interest of S. Cregier, upon the probable duration of a life of forty years only, when, in fact, he was nearer forty-one years of age than forty. He should, in that case, have taken the estimated value of the life of a person of the age of forty-one, as the basis of computation. The value of the dower of the grandmother, computed upon her age, which will be fifty-seven in about two months, and estimating the whole value of the farm at $5,000, as stated in the master's report, is $139,04, in the one sixth of the estate belonging to each of the infants. The value of Augusta Vander Bogert's dower in two thirds of one sixth of the value of the farm, her age being twenty-five years, is $134,03. And the value of the life estate of S. Cregier as tenant by the curtesy in two thirds of his daughter's one sixth of the farm, calling his age forty-one years, is $352,97. The master's report must be amended accordingly. And the special guardian is to be authorized to sell the infants' interest in the farm ; the several adults having interests therein, joining in such sale, and consenting to bear their respective shares of the costs of this proceeding, in proportion to the value of their several rights and interests in the premises.

Order accordingly.