EDWARD BROOKS & others *vs.* HELEN C. EVERETT & others.

A widow is not dowable if her husband was only seised of a remainder during the coverture, with a life estate preceding it which was not terminated during his life.

HOAR, J. This bill, which is brought by the executors and trustees under the will of Peter C. Brooks, is in the nature of a bill of interpleader, asking the direction of the court, in the execution of their trust. The direction of the court is asked only so far as the disposition of the personal estate is concerned. A part of this is derived from the sale of real estate under a power given to the trustees by the will. The bill does not show distinctly when the real estate was sold; and there might be some difficulty in fully determining the rights of the parties in all particulars without a more precise statement of the facts. But, upon examining the arguments submitted to us, we find that there is only one point upon which any adverse claims are made; and we therefore confine our decision to that point, and shall allow the decree to be framed in other respects in con formity to the agreement of the parties.

The parties litigant are the widow and children of Edward Brooks Everett. By the will of Mr. Brooks, certain real and personal estate was given to trustees, in trust to pay the income thereof to his daughter, Mrs. Charlotte Gray Everett, wife of Edward Everett, during her life, and at her decease to convey and pay over the principal to her issue; with the exception that, if her husband as well as her issue should survive her, the trustees should retain one half of the trust fund during his life, and pay the income of it to him. The trustees had power to change the real estate into personal, and invest it at their discretion. Mrs. Everett died, leaving, with other children, her son Edward Brooks Everett, and her husband surviving. Edward Brooks Everett died before his father. The trustees, during the life of Edward Everett, and after the decease of his wife, sold portions of the real estate belonging to the fund which they were to hold in trust during his life. The widow of Edward Brooks Everett, the son, now claims that she is entitled to receive a part of the proceeds of this real estate, as a substitute for dower; on the ground that she would have been entitled to dower therein, if it had not been sold, and that equity will distribute the money among the parties interested in the land, in proportion to their respective interests. Her claim is resisted on behalf of her minor children; and we are of opinion that it cannot be supported.

A widow is not dowable of a trust estate. *Reed* v. *Whitney,* 7 Gray, 533, and cases there cited. If the trustees took the estate in fee, it is obvious that Edward B. Everett never had any seisin during coverture which would give his wife a right of dower. But if, as her counsel contends, the estate of the trustees, after he death of Mrs. Charlotte G. Everett, was only an estate for the life of Edward Everett, the legal remainder vesting in her son Edward B. Everett as a purchaser under his grandfather's will, the result would not be changed. If there had been no trust, but a life estate had been given directly to Edward Everett, with remainder in fee to his son Edward B., the son's wife would have acquired no right of dower therein, as her husband died before his father. A seisin by a husband of a vested

remainder is not sufficient to entitle his widow to dower. He must have had, during the coverture, a present right of freehold *Eldredge* v. *Forrestal*, 7 Mass. 253. *Blood* v. *Blood*, 23 Pick 80. 4 Kent Com. (6th ed.) 37, 38, 39. *Robinson* v. *Codman* 1 Sumner, 121. 1 Washburn on Real Prop. 154. 1 Cruise Dig. (Greenl. ed.) tit. vi. *c.* 2, § 8. *D'Arcy* v. *Blake*, 2 Sch. & Lef. 387.

There is no such distinction in this respect as has been suggested between estates acquired by descent and those acquired by purchase. The authorities cited to support it are those in which the application of the maxim *dos de dote peti non debet* is discussed. Co. Litt. 31 *a.* 1 Washburn on Real Prop. 210. 4 Dane Ab. 663. *Geer* v. *Hamblin*, 1 Greenl. 54. *Manning* v. *Laboree*, 33 Maine, 343. *Dunham* v. *Osborn*, 1 Paige, 634. *In the matter of Cregier*, 1 Barb. Ch. 598. Where the heir purchases of his ancestor in his lifetime, he has had an actual seisin which entitles his wife to dower, although the ancestor may also leave a widow ; and the difference in the nature of her right from that which she would have had if her husband had taken by descent is well settled. The cases cited do not conflict with the general principle that to give a right of dower the husband must have been seised of an estate of freehold in possession, and of inheritance, during the coverture.

A decree is to be entered in conformity with this opinion, and the costs of all the parties are to be allowed from the fund.

*L. Shaw*, for Mrs. Everett.

*E. S. Rand, Jr.*, for the minor children.