Thomas Allison, Referee.
The interlocutory judgment herein refers it to me to admeasure the plaintiff’s dower in the premises therein described, and to compute the damages for the withholding thereof from the time of the commencement of this action. It also prohibits me from admeasuring such dower in any permanent improvements made since said property was conveyed to the defendant Haran and from including anything for *187 the use of such improvements in the computation of damages.
There was no controversy as to the facts on the hearing before me but a very decided controversy as to the law.
Defendant Haran claims that he should be allowed five per cent, on the rents for the collection thereof and the renting of the premises in question by him. That claim cannot be allowed under the case of Witthaus v. Schack, 38 Hun, 560, 566, 567.
The plaintiff claims the right to be endowed to the extent of (¿) one twelfth of the premises in question, while the defendant Haran claims that she is to be endowed only to the extent of Qs) one eighteenth thereof. This issue was vigorously contested and raises a question of great difficulty which, as presented in this case, it is claimed has never been decided.
In this case it arises on the following facts :
Plaintiff’s husband, Cornelius P. Jourdan, inherited from his brother, John Jourdan, an undivided one fourth (*) interest in the premises in question. John Jourdan left him surviving his widow, Marcella, who was entitled to dower in said premises and who is still living. Therefore plaintiff’s husband, Cornelius, was seized of a one quarter Q) interest in those premises subject to the right of dower of Marcella, the widow of John. Marcella brought an action for the admeasurement of her dower and filed therein her consent to accept a sum in gross therefor as provided by chapter 717, laws 1870. Judgment was rendered in her favor in that action on March 31, 1871, directing a sale of the lands in which she claimed dower, including the premises in question, and the payment to her, out of the proceeds of such sale, of a sum in gross for her dower, as provided by said act of 1870. Such sale was made and the defendant Haran at the same bought the premises herein in question and received therefor a deed from the referee who made the sale, and also and at the same time re *188 ceived from. Marcella a release of her dower right in. said premises, which release the act of 1870 gave the right to demand. To that action the plaintiff in this action was not made a party, though she was then the lawful wife of Cornelius, who was made a party thereto, as the owner by inheritance from John of a (') one fourth interest in the lands in question. The judgment in that action, therefore, and the sale thereunder, in the words of the interlocutory decree herein “ did not prejudice the right of the plaintiff to her dower, or preclude her from recovery thereof.”
Plaintiff’s counsel claims that as Marcella now has neither an estate of dower in the premises in question nor an inchoate right of dower therein, the plaintiff is entitled to an admeasurement of dower and damages for the withholding thereof, in the whole of the one quarter of the premises of which her husband was seized, without any diminution thereof on account of the dower of Marcella. Defendant Piaran, however, claims that such admeasurement can be in only the (3) two thirds of plaintiff’s husband’s (“) one quarter, remaining over and above the (j) one third thereof to which Marcella was entitled as her estate in dower and for which she accepted a sum in gross.
While conceding the rule “ dos de dotepeti non debit,” the plaintiff contends that it does not apply to this case. Her contention is that the widoAV of a subsequent owner can be barred of dower by reason of the existence of a prior doAver right only when such prior right is so enforced as to disseize such subsequent owner, and only to the extent that he is so disseized. She further claims that such disseizin takes place only when the dower of the widow of the prior OAvner is admeasured to her in the form of a freehold estate in possession, and not when the same is admeasured in arid satisfied by the payment of a sum in gross. So contending, plaintiff says, that as Marcella never became seized of any estate in the premises in question, never converted *189 her right of dower from a mere chose in action into an estate in land, but merely accepted a sum of money therefor and released the same, therefore the plaintiff’s husband never was disseized of any part of his one fourth of the premises in question in satisfaction of Marcella’s dower, and that she, the plaintiff, as his widow is therefore entitled to be endowed out of the whole thereof.
Undoubtedly, the language used in many authorities lends much color to the contention made by plaintiff, but a very thorough examination and - careful consideration of the question leads me to the conclusion that this claim' of the plaintiff must be overruled. The claim seems to me to be • based upon a too literal reading and too narrow application of the language used in many of the cases and text-books and to lose sight of the fact that, except in partition suits, proceedings to sell infants’ lands, foreclosure suits and perhaps a few other cases, the power to admeasure dower by the payment of a sum in gross did not exist until recent years. The language of the cases in text-books must be read in . view of these facts, and not as though it was used in view of the fact or possibility of the payment of a sum in gross, pursuant to law as an admeasurement and satisfaction of dower.
No authority has been called to my attention, and I have been unable to find any, which holds that an ad-measurement of dower under a decree for the satisfaction thereof in money to be realized from the sale of the lands for that purpose, does not have the same effect upon the extent of a subsequent dower right in those premises as Avould an admeasurement of such doAver under a decree or judgment for the satisfaction thereof in land. On the other hand the cases all seem to me to involve the holding that a decree for the ad-measurement of a prior dower right, even though the same is to be satisfied Avith money instead of by an estate in the land, does pro tanto bar the subsequent *190 owner’s widow of dower. One case which will be hereafter mentioned holds expressly that an existing decree for the admeasurement in land of the dower right of the widow of a prior owner, though unexecuted in fact at the time of her death, and also at the time of the death of the subsequent owner, operates as a disseizin of the latter, and bars, pro tanto, the dower of his widow.
In my opinion, a decree or judgment adjudging the prior dower right and providing for the satisfaction thereof, whether by admeasurement in land, or by the sale of the land, and out of the proceeds thereof, has the effect of a disseizin of the subsequent owner, and pro tanto, bars or diminishes the right of dower of his widow.
In support of her claim plaintiff cites, Elwood v. Klock, 13 Barb. 50; Aikman v. Harsell, 31 Run 634, affirmed 98 N. Y. 186 ; Matter of Cregier, 1 Barb. Ch. 598.
In Elwood v. Klock, it appears, from the statement of facts at page 51, that the widow of the first owner brought ejectment for her dower, and compromised the action for $125, and gave a release of dower. There does not appear in that case to have been any judgment in that ejectment suit. That case, therefore, only presented the question of the effect of a mere release of dower before or without any judgment or decree having been rendered awarding dower. It is not an authority therefore on the question in the case at bar as to the effect of a decree for the sale of land to satisfy a dower right out of the proceeds of such sale by the payment of a sum in gross, and the giving of a release, pursuant to the statute in such case made and provided, upon such payment being made.
In Aikman v. Harsell, there had not been any decree or judgment for the prior dower right nor any release thereof. The claim was made therein that by the acts of the parties in interest in dividing the rents there *191 had been an actual and practical admeasurement in the land of the dower of the prior dowress, and that thereby the extent of the dower of the subsequent dowress had been pro tanto diminished. The court held that the acts of the parties relied on for that purpose did not amount to an admeasurement, and that therefore, the subsequent dowress was entitled to be endowed out of the whole of her deceased husband’s interest in the land.
In the Cregier case, both widows were claiming dower at the same time, and there had been no previous ad-measurement of dower to either of them in any form. It was there held that the subsequent dowress being the widow of an heir, could only be endowed of the share of her husband in the land as diminished by the dower- of the ancestor. Yet in that case the dower of both widows was awarded by the same judgment, and it provided for the sale of the lands and that both dower rights should be satisfied out of the proceeds of such sale and not by any estate in possession in the land, or in any portion thereof, to be set off to either of them.
In fact in all partition and other cases wherein the land is directed to be sold and the dower rights of the wives or widows of successive owners are directed to be provided for out of the moneys realized on such sale, such provision is always made upon the same basis as dower would be admeasured in the land itself, and that too whether the dower rights be inchoate or vested, and if vested, whether the dowers have been theretofore in fact admeasured or not.
It has never been held in such cases that the subsequent dowress was to be endowed as of the whole interest of her husband in the land because the prior dowress had not theretofore had her dower actually admeasured to her in the land, but the admeasurement thereof to her in the money by the decree has always been given the same force and effect in principle as a prior actual *192 admeasurement thereof in the land would have had upon the dower right of the subsequent dowress.
Take the very case at bar. If the plaintiff had been made a party to the action of Marcella for the admeasurement of her dower she would have been endowed therein only out of two thirds of her husband’s one fourth, that is, out of what remained of his share after providing thereout for Marcella’s dower therein, with a contingent provision for her endowment out of her husband’s reversion in the remaining one third, of which Marcella was endowed, in case he and plaintiff both survived Marcella. As he did not survive Marcella this latter contingency is out of the case.
It is true that, as plaintiff was not a party to that action, the judgment therein and the sale and conveyance thereunder “did not prejudice the right of the plaintiff to her dower or preclude her from the recovery thereof.” Such is the second conclusion of law in the interlocutory judgment herein. But her omission from said action did not increase her dower rights in the premises. It merely left her the right to recover just what she would have been entitled to if she had been made a party to said action. The fact that such judgment, and the sale thereunder,1 cut off Marcella’s dower right did not increase the dower right -of this plaintiff; it did not in any way destroy the fact that her husband, Cornelius, was disseized to the extent of Marcella’s dower right in his share of these premises by the sale thereof in order to satisfy such dower right. Plaintiff cannot claim any benefit of that judgment and-at the same time repudiate it. She cannot claim that for her benefit it cut off Marcella’s right of dower in the premises and yet ignore the fact that it did so by satisfying such dower right out of the premises by selling the land and applying the proceeds thereof to that purpose, pro tanto.
The following cases seem to sustain the view taken by me:
*193 Dunham v. Osborn, 1 Paige 634, was a suit in partition. One Maxwell had been owner of the premises therein in question, and his rights therein had been sold upon an execution. He thereafter died leaving a widow entitled to dower therein. Two thirds of Maxwell’s rights in the said premises had become vested in Dunham and one third of the same had become vested in Osborn. Dunham died "during Maxwell’s life, leaving a widow, and Maxwell died prior to the partition suit. The widows of both Maxwell and Dunham were alive at the time of such suit. It was insisted that Dunham’s widow was not entitled to any dower, and that two dower rights could not exist in the same land. The chancellor held that both widows were entitled to dower. That Maxwell’s widow was entitled to have one third of the whole premises assigned for her dower, and that Dunham’s widow was entitled to dower in Dunham’s two thirds of the reversion of that third if she survived Maxwell’s widow. He also held that Dunham’s widow was entitled to be then presently endowed in Dunham’s two thirds of the two thirds of the whole premises remaining after the assignment to Maxwell’s widow of her one third thereof as dower. He then held that if the premises were sold under the decree in partition, and not actually physically partitioned, the interest of each widow in the proceeds of sale must be estimated upon the same principles or basis.
It will be noticed that in that case there was no actual physical admeasurement in the land of dower to, and no freehold estate in- possession vested in, Maxwell’s widow, and, therefore, according to the plaintiff’s contention herein, no disseizin of Dunham. It is true that Dunham was in as a purchaser under Maxwell, and not as his heir, so that the principle of the relation back of the seizin of the first dowress to that of her husband was not applicable to that case. But that affected the case only so far as concerned the right of Dunham’s widow to be endowed out of his reversion in the one *194 third of his share by which Maxwell’s widow was endowed. If plaintiff’s theory herein be correct then Dunham was never disseized at all of any part of his share in order to endow Maxwell’s widow, because the latter never had any freehold estate in possession therein, but her dower was provided for by a sale of the lands and was to be satisfied out of the proceeds thereof. In that view Dunham’s widow would have been entitled to be presently endowed out of the whole of his two thirds of the land instead of being presently endowed out of only two thirds of his two thirds, and contingently out of the remaining one third of his two thirds.
Such is the plaintiff’s claim here as to her dower as affected by the provision made for Marcella’s dower. It is that, in spite of that provision, plaintiff is entitled to be endowed in the whole of her husband’s share, and not in the two thirds thereof remaining after the deduction of the one third thereof applied to Marcella’s dower by the payment of the value thereof in a sum in gross out of the proceeds of the sale made for that purpose. That this was not the vesting of an estate in dower in the land in Marcella, and therefore not a disseizin of plaintiff’s husband. The Dunham case seems to be inconsistent with the plaintiff’s claim.
In Reynolds v. Reynolds, 5 Paige,' 161, a decree for the actual partition of the lands therein in question and for the admeasurement and assignment by an actual and physical setting off of a portion of the lands of the dower of the complainant was made, and commissioners were appointed for that purpose by an interlocutory decree. Before anything further had been done several of the defendants in the action, who were children of the complainant, and, as heirs of her husband, part owners of the land in question, died, leaving as their heirs infant children. Thereafter, but also before anything further had been done under the interlocutory decree, the complainant died. The action was thereafter revived, and after the revivor thereof it was reported *195 by the commissioners that, by reason of the changes of interest caused by the aforesaid deaths, actual partition of said premises could not be made, but that the land should be sold and its proceeds divided. Upon such report the case came before the chancellor for an order of reference to report on general liens preparatory to a decree for the sale of the premises.
After disposing of several questions as to the regularity of the proceedings had in reviving the action and of the said report of the commissioners, the chancellor says : “ It may be proper here to remark that the rights of the infant children of the two original defendants who are now dead, are not correctly stated in the bill. The whole of the original shares of the property, as derived by them from their respective fathers, is not liable to their mother’s claim of dower. Their grandmother was seized of one third of each of these original shares, as tenant in dower, at the time of the death of their respective fathers. The fathers, therefore, were never seized of those thirds, so as to entitle their widows to dower therein (Dunham v. Osborn, 1 Paige, 634). The decree of this court directing the complainant’s dower to be set off to her must be considered as an actual assignment iii equity, so as to divest the seizin of her son’s pro tanto, from the time of such decree. The master must report the rights of the parties accordingly.” This, it must be borne in mind, was said of a wholly, unexecuted decree directing the grandmother’s dower to be set off, and was so said after the grandmother had died, and in view of the fact that said decree was never to be executed in that form, but in a case in which her dower right was to be provided for in money produced by a sale of the land. If no such decree had been theretofore made, and the then parties to that action had brought an action for partition, that is if the grandmother had died before any decree had been made for her dower, there can be no doubt that the widows of her sons would have been endowed out of the whole of *196 the shares of their respective husbands, so that this Reynolds case is an express and direct decision that a decree for the admeasurement of dower, wholly unexecuted, even though the dowress be dead, operates as a disseizin pro tanto of the subsequent owner of the premises, who held subject to her dower right, so that his widow’s dower right was pro tanto diminished thereby.
In Safford v. Safford, 7 Paige, 259, the action was for the partition of a farm formerly belonging to Levi Safford, who was the father of the plaintiff and the grandfather of five of the defendants in that action. The widow of Levi Safford was living at the time of the action. Her son, the father of the infant defendants, died soon after his father Levi did, and left a widow as well as the infant defendants. The referee reported that the mother of the infants was entitled to dower in the whole premises. The chancellor, though no exception had been taken on the point, on his own motion, set aside the report and held that the mother of the infants was entitled to be endowed only of two thirds of her husband’s share. ' He distinctly said that the plaintiff, the grandmother, “is to be considered as tenant in dower,” in the one third of the share which descended to the father of the infant defendants from his father, the plaintiff’s husband. In that case there had been no physical admeasurement of dower to the grandmother, no vesting in her of a freehold estate in possession, no actual disseizin in fact of the heir, and none was to be made under the decree in partition in order to set off dower, but the prior dowress was living and there was to be a sale of the land and the dower of both widows was to be provided for out of its proceeds. Yet the chancellor held that the grandmother, the prior dowress, was to be considered not merely as having a right of dower, a mere chose in action, but as being “ a tenant in dower,” and that the dower of the widow of the heir was to be diminished accordingly pro tanto.
In McKeen v. Fish, 33 Hun 28, at pp. 30 and 31, *197 speaking of the effect of the death of a dowress pending an action to recover her dower and before any decree therefor, but after she had filed her consent to accept a sum in gross, the court says: “ Until it has been determined whether a parcel or parcels will be set off to the widow or a sale ordered and the value of her life interest invested, and paid to her after she is adjudged to be entitled to dower, her right beyond mesne profits, remains a mere naked and inchoate life estate and terminates on her death.” Upon this ground it was held in that case that because no such decree had been made the action abated and could not be revived, whereas it was conceded that if there had been such an interlocutory decree the action would not have abated but might have been revived. While not a direct authority on the question now under consideration, that case illustrates the difference in effect of a dower right for which a decree exists, even though unexecuted, and one for which there is no decree at all.
My conclusion is that plaintiff is entitled to be endowed out of only one eighteenth (¿) of the premises in question.
Should it be thought that the question has been discussed too elaborately in this opinion, all that can be pleaded in extenuation is the interest taken by me in it and the fact that both counsel urged its careful consideration by me as a new and undecided question, and one important not only in this action, but in others brought by the plaintiff upon similar facts for the recovery of her dower in other lands.
Townsend & Mahan, attorneys, and of counsel for appellant, argued:—
I. John Jourdan died, leaving a widow (Marcella C. Jourdan), and as such she was entitled to dower in all his real estate. This dower right extended over the whole of his estate, and until it was assigned to her,the wife or widow, of no person taking title by descent *198 from John Jourdan, had any present estate or dower right in any portion of the estate, but the whole estate was subject to the dower right of the widow of John Jourdan. It was only after an assignment of dower had been made to the widow of John by admeasurement to her or by setting aside a specific portion of the property for her dower that the wife or widow of any heir at law of John had any dower right, and then such dower right was confined during the lifetime of John’s widow to the part not admeasured or assigned to her. To claim otherwise would be in violation of the maxim of law “ dos de dote peti non debet: ” dower cannot be sought in dower. Willard on Real Estate and Conveyancing (Edition 1869), p. 63; 1 Cruise’s Digest, 190 (Greenleaf’s Edition); Dunham v. Osborne, 1 Paige 634; Salford v. Safford, 7 Ib. 259 ; Reynolds v. Reynolds, 6 Ib. 161; Elwood v. Clock, 13 Barb. 50-55 ; Durango v. Durango, 23 N. Y. 331.
II. Upon the death of John, his widow could have applied to have her dower admeasured to her, or in default of her so doing, the heirs of John might have required her to apply, or they themselves might have applied to the commencement of a suit (2 Revised Statutes, 488, original paging), or any person having any interest in the land, after one year, might have made such application. Such application was in fact made by the widow of John, and proceedings were regularly taken for such purpose under the statute, but under chapter 717 of the Laws of 1870, the widow filed a consent to accept a gross sum of money in full satisfaction and in discharge of her dower, and under that statute and by such consent the property was sold and the proceeds distributed to the widow and heirs at law of John Jourdan. These proceedings amounted in fact to an admeasurement of dower to the widow of John, and by the 3d section of the act of 1870 the court had power to adjudge and did adjudge that all the parties to such action were, upon such sale being made, barred *199 of and from all the estate, right, title and interest whatsoever which they and each of them had in such real estate at the time of such sale. This act in no respect changed the statute, as to the parties to the proceedings to whom notice was to be given, and the statute prescribed such notice should be served (section 2, 2 R. S., p. 488, original paging), upon the heirs of the husband, and if they are not the owners of the land, subject to dower, then upon the owner of such lands claiming a freehold estate therein, and it has been decided, Ward v. Kilts, 12 Wend. 137; Van Name v. Van Name, 23 How. 247, that it was necessary to give notice only to the tenant of the freehold.
III. Under the Code a complaint is regarded as a substitute for the proceeding by petition or for the former bill in equity. Townsend v. Townsend, 2 Sand. 711.
IV. The widow of Cornelius had during the life of her husband no estate, or present interest in the property of her husband. Ackman v. Hawell, 98 N. Y. 186; Witthaus v. Schack, 105 Ib. 332; Van Name v. Van Name, 23 How. 247. Only parties having a present interest are to be made parties defendant. O’Connor v. Garrigan, 17 Weekly Digest, 302; Van Name v. Van Name, 23 How. 247; Ward v. Kilts, 12 Wend. 137; Moak and Van Sanford’s Pleadings, 326 ; Crary, N. Y. Practice, Vol. 1, pages 2 and 3.
V. In any event the judgment in the action of Marcella C. Jourdan, the widow of John, against Cornelius P. Jourdan and others (Cornelius being a party and appearing in such action) and the sale under that judgment disseized Cornelius of any interest in the estate and therefore it follows (even granting everything else in favor of the plaintiff herein) that the plaintiff is entitled to no damages for withholding her dower, her husband never having had any present interest in the estate and not having died seized, at the time of his death. Palmer v. Voorhees, 35 Barb. 479.
VI. Until dower was admeasured to the widow of *200 John Jourdan the interest of Cornelius was not a present estate in the property left by John, but only a reversion expectant, for until such admeasurement the dower of the widow of John was during her lifetime in his whole estate. Any interest of Cornelius could become a present one only after dower had been admeasured to the widow of John or upon her death. In this case the very proceeding for the admeasurement of dower to the widow of John by the statute of 1870 (under which the proceedings were had) expressly barred Cornelius of all interest in the estate of John. It follows that in any case Cornelius, the deceased husband of the plaintiff, never had any present interest in the estate of his deceased brother John. ££ To entitle the wife to dower the husband must have been seized during coverture of a present freehold as well as of an estate of inheritance.” Dunham v. Osborne, 1 Paige, 634.
■ Francis B. Ghedsey, attorney, and of counsel for respondent, argued:—
I. The sale of the premises, in pursuance of the judgment of the supreme court recovered by Marcella C. Jourdan against the plaintiff’s husband and others, but to which the plaintiff herein was not a party, did not affect the inchoate right of dower which the plaintiff then had in the premises. It is provided by statute that ££ A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during marriage.” Rev. Stat., 7 ed., vol. 3, p. 2197. Again, at page 2198 : ££ No act, deed or conveyance executed or performed by the husband, and no judgment or decree confessed or recovered against him, etc., shall prejudice the right of the wife to her dower or preclude her from the recovery thereof.” ££ The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow, neither can be impaired by any judicial proceedings to which she is not made a party.” Mills v. Van Voorhis, 20 N. *201 Y. 420. Again, the court of appeals, in Simar v. Canaday, 53 N. Y. 304, declared: “ It must be considered as settled in this state.....that as between the wife and any other than the state or its delegates or agents exercising the right of eminent domain, an inchoate right of dower in land is a subsisting and valuable interest which will be protected and preserved to her.” The contention of the defendant that the judgment and sale under which he claims title excludes the plaintiff from any recovery on the ground that she was not a necessary party to the action for the admeasurement of dower to Marcella C. Jour dan in the land, and therefore, when the legislature, by chapter 717, laws. 1870, authorized a sale of the premises in such an action, it necessarily abolished all inchoate right of dower in the wife of the heir, or owner of the freehold, is not sustained by any authority nor by a just construction of the act itself. The act of 1870,which authorized the sale, provided who should be bound by the sale, sec. 3: “ All parties to such action shall be barred of and from all estate, right, title and interest whatsoever which they and each of them had at the time of such sale.”
II. The contention of the defendant, that the recovery in this action violates the well established rule that “ dower on dower” cannot be allowed, is not sustained by any authority. The rule has its origin and support only in the fact that the laying off of a distinct parcel to the prior dowress is a disseizin of the heir in that parcel, during the lifetime of the tenant in dower. Until actual admeasurement she has but a chose in action; but after admeasurement she has a freehold estate in the land so set apart, so that if the heir dies during the lifetime of the widow, his widow will not be entitled to dower in the third set apart to the first dowress. She will, however, be entitled to dower in the other two thirds. Willard on Real Estate, &c., p. 63 ; Scribner on Dower, Vol. 1, p. 326; Elwood v. Klock, 13 Barb. 50; Lawrence v. Brown, 7 N. Y. 394.
*202 By the Court.—Freedman, J.
There is practically no dispute as to the facts. The plaintiff is the widow of Cornelius P. Jourdan to whom she was duly married in October, 1866, and who died in October, 1886, and as such widow she brought this action to enforce a claim of right of dower in the premises described in the complaint.
On October 10, 1870, John Jourdan died intestate in the city of New York, seized of the said premises, leaving him surviving his widow, Marcella C. Jourdan, and as his only heirs at law his brothers, Cornelius P. Jourdan and Thomas J. Jourdan, his sister Mary Ann Neacy. and his niece Mary Jane Hayes, all of whom lived until the end of the year 1871.
In February, 1871, Marcella, the widow of John, commenced an action in the supreme court for the admeasurement of her dower in the said and other lands of her deceased husband, making all of the said heirs of her said husband parties defendant thereto, and they all appeared therein. But the present plaintiff, then the wife of Cornelius P. Jourdan, was not made a party.
On March 27,1871, the said Marcella C. Jourdan filed in the office of the clerk of the city and county of New York, in her said action, a consent in writing in due form in which she consented to accept a gross sum of money in full satisfaction and discharge of her dower in said lands, to be estimated upon the net proceeds of a sale thereof to be adjudged by the court, and the amount of such gross sum of money to be ascertained by the court in the manner authorized by the 5th section of the act entitled, “ An act to authorize the sale of real estate in which any widow shall be entitled to dower, in satisfaction and discharge thereof,” passed May 6, 1870. (Laws 1870, ch. 717.)
Such proceedings were thereupon had in said action that the court, by judgment dated March 31, 1871, adjudged and decreed a sale of the premises at public auction by and under the direction of a referee appointed *203 for that purpose. The judgment, among other things, also provided that said referee execute to the purchaser or purchasers a deed or deeds of the premises sold, and that all the parties to said action and all persons claiming under them, or any or either of them, after the filing of the notice of the pendency of said action, upon the sale being made, be barred of and from all estate, right, title and interest which they and each of them had in the said premises at the time of the sale. ,
In pursuance of said judgment the premises described in that action were sold, and the premises described in the complaint in this actidn were struck off to the defendant Patrick Haran for the sum of $18,900. The referee executed to him a deed therefor, dated May 18, 1871, and thereafter duly recorded, and such further proceedings were had in such action that, out of the amount of the proceeds of the sale of the whole of the several parcels of land by said judgment directed to be sold, there was paid to said Marcella C. Jourdan a gross sum of money, and the balance then remaining of said proceeds was paid to the four heirs at law above mentioned. The said Marcella C. Jourdan executed to the said Patrick Haran a release of her right of dower in the premises sold to him as aforesaid.
Upon this state of facts the great substantial question presented by the several appeals in this case is as to whether the plaintiff herein had, during the pendency of the action of Marcella C. Jourdan, the widow- of John Jourdan, for the admeasurement of her dower in the lands whereof John Jourdan died seized, an inchoate right of dower in the share of her husband as one of the heirs at law of John Jourdan, and if she had, whether she could be deprived of it by the judgment in that .action without having been made a party to such action. It was determined by the interlocutory judgment that she had such a right; that she was a necessary party defendant in such action; and that, not having been made such a party, her right was not cut off.
*204 Dower is the provision which the law makes for a widow out of the lands of her husband. It is not the result of contract, but a positive institution of the state, founded on reasons of policy. Moore v. Mayor etc. of New York, 8 N. Y. (4 Seld.) 110. It is a life estate created by operation of law, in favor of the wife on the decease of her husband, by which she is endowed for life with a third of the lands of which he was seized, of an estate. of inheritance, at any time during coverture. The title to dower is inchoate on marriage and seizin and then attaches to the land, but is not consummate until the decease of the husband. Denton v. Nanny, 8 Barb. 618; Sutliff v. Forgey, 1 Cow. 89; 5 Ib. 713. The revised statutes of this state confirmed this common law right as follows : “ A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time. during the marriage.” Rev. Stat., 6th ed., vol. II. p. 1121, § 1.
As to the sufficiency of the seizin of the husband it is not necessary that there should have been an actual seizin or seizin in deed. It is enough that the husband had a seizin in law with a right to an immediate corporal seizin. But he must have been seized of an effectual estate of inheritance. A joint seizin with others is not enough. Thus, though an estate in joint tenancy be, in terms, one of inheritance in each of the joint tenants, yet the possibility, so long as the joint ownership subsists, that the present estate of each may be completely defeated by his dying in the lifetime of the other, prevents the right of dower attaching in the wife of either except the actual survivor. The estate of a tenant in common, however, is subject to dower as if held in severalty, but it will be set off in common, unless partition be made during the life of the husband between the tenants, in which case the dower of each tenant’s wife is limited to the portion set apart to him: Wash-bum on Real Prop. (4th ed.) vol. I. p. 199, and cases there cited.
*205 The law of this state does not favor joint tenancy as much as it does tenancy in common. The revised statutes, in providing for the creation and division of estates, expressly declare that every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy; but that every estate vested in executors or trustees as such, shall be held by them in joint tenancy (vol. II. Rev. Stat., 6th ed., p. 1104, § 44). So the statute relating to title to real property by descent, expressly provides that.....whenever an inheritance, or a share of an inheritance, shall descend to several persons, they shall take as tenants in common in proportion to their respective rights (2 Rev. Stat., 6th ed., p. 1135, § 17).
From what has been said already it clearly appears that on the death of John Jourdan the title to his real property descended to his heirs at law as tenants in common, and that the plaintiff herein had, during the pendency of the action of Marcella C. Jourdan, the widow of John Jourdan, for the admeasurement of her dower out of such real property, an inchoate right of dower in the share of her husband, Cornelius P. Jourdan, as one of such heirs at law. It remains to be seen therefore whether she could be deprived of such inchoate right by the judgment in that action without having been made a party to the action.
Upon this branch of the case the appellant strenuously contends that she is conclusively bound by the result of the action although she was not made a party, because she was not a necessary party, and in support of this contention the appellant principally relies upon the non-existence of a statute which required that she should be made a party, which, in view of the peculiar interest held by her husband at the time in the premises, rendered it unnecessary to make her a party. It is true that, in as much as the right of dower does not result from any contract, nor is a right which, while *206 it remains inchoate, is guarded by any constitutional provision, but is an incident of the marriage relation resulting from wedlock because established by law, the continuance of the right in its inchoate state and the manner of the enforcement of the claim of dower after the death of the husband, depend altogether upon the statute law of the state in force at the time of the husband’s death. The question has been raised in several of the states how far the legislature can, by legislative action, affect an inchoate right of dower, during the coverture of the parties, and the weight of authority upon it appears to be that, if done by general law and without directly acting upon the status of marriage, the legislature has the power to change or abrogate the right as a right of property, and that it is the law, as it exists at the time of the husband’s death, which determines the widow’s right to dower. Washb. on Real Prop. (4th ed.) vol. I. p. 191, and cases cited. The language of Dillon, J., in Randall v. Kreiger, 2 Dillon B. U. 8. C. G. 444 is: “ While the right. remains inchoate, it is, as respects the wife, under the absolute control of the legislature which may, by general enactment, change, abridge, or even destroy it, as its judgment may dictate.”
So it is equally true that at common law, as shown by Kent in his Commentaries and by Washburn in his treatise on Real Property, a widow’s claim of dower maybe defeated by avoiding the seizin upon which it depends. It is one of the principles of the common law that a widow’s dower is liable to be defeated by every subsisting claim or incumbrance in law or in equity existing before the inception of the husband’s title, and which would have defeated the husband’s seizin. It is also defeated by the disseizin of the husband, by paramount title or re-entry, on condition broken, and by the operation of collateral limitations determining the estate. So if lands descended to an heir are sold for payment of the ancestor’s debt, or by an executor under a *207 power in the will of the testator, the seizin of the heir or devisee, although completed by entry, will thereby be divested and the right of dower in his wife defeated.
Out of the same doctrine grows the familiar maxim u Dos de dote peti non debet” which is American as well as English law. The application of this doctrine may be briefly illustrated in this way: Upon the death of the owner of the land in fee, it passes at once by descent or devise to his heir or devisee, and carries with it such a seizin as gives the wife of such heir or devisee a right of dower in the premises. The ancestor or devisor may have left a widow who is entitled to dower out of the land, but until she has it set out, the existence of such a right does not affect that of the wife of the heir or devisee. But the estate of a dowress, as soon as her estate is set out to her, is considered as a continuation of the husband’s estate, resting upon his seizin, there being in contemplation of law, no interval of time or estate between that of the husband and the dower estate of his widow. If, therefore, the widow of the ancestor or devisor sees fit at any time to enforce her right, which is a mere chose in action until her dower is assigned, her right, as completed by the assignment of dower, at once relates back and cuts off the seizin of the heir or devisee as to so much of the estate as is assigned to her, and converts his interest in such part or portion into that of a reversion expectant upon her death, and with it destroys the estate in possession which he may have enjoyed in the interim, as if it had never existed. If, then, he were to die in the life of the last named dowress, his widow could not claim dower in the part assigned for want of a sufficient seizin on his part during coverture.
And in the third place it must be conceded that as regards the inchoate right of dower of the wife of a tenant in common, such wife, at common law, holds such inchoate right so completely subject to the incidents of such an estate, that she not only takes her *208 dower out of such part only of the common estate as shall have been set to her husband in partition, but if, by law, the entire estate should be sold in order to effect a partition, she loses by such sale all claim to the land, although no party to such proceeding.
The last named rule of the common law, so far as it relates to the partition of land, has been changed in New York by statute. By the Revised Statutes, vol. II, p. 318 § 6, it was provided that every person entitled to dower in lands to be partitioned, if such dower has not been admeasured, may be made a party. By section 1538 of the Code of Civ. Pro. it was further enacted that every person having an inchoate right of dower in an undivided share in the property to he partitioned, and every person having a right of dower in the property, or any part thereof, which has not been admeasured, must be made a party to the action.
If, therefore, the point now under consideration were to be determined by the rule of the common law, the contention of the appellant would be well founded. But, as already shown, it is to be determined by the statute law in force at the time of the rendition of the judgment in favor of Marcella C. Jourdan. It therefore becomes necessary to find out what at that time the law of this state was upon the subject, and upon this inquiry it must be kept in mind that, while it was competent for the legislature to abridge or destroy plaintiff’s inchoate right, it was equally competent to enact that it should not be lost or impaired except in a certain prescribed way.
Before the enactment of the Code of Procedure, .a widow claiming dower had her election between three remedies, to wit: (1) an action of ejectment for dower, brought against the person in possession, in which, after her title was established, her portion was admeasured; (2) proceedings for the admeasurement of dower to be taken in the supreme court, a county court, or a superior city court, or before a surrogate, against the tenant *209 of the freehold, and to be followed, if necessary, by an action of ejectment for the portion so admeasured, and (3) a suit in equity, in which both the right of the plaintiff, and the portion to be assigned to her, were determined. To these remedies the Code of Procedure added a fourth, viz.: an action for the admeasurement of dower.
In the place of these four remedies the Code of Civil Procedure substituted the action for the recovery and the admeasurement of dower, but in as much as the last mentioned code was passed after the rendition of the judgment in favor of Marcella C. Jourdan, its provisions require no consideration here. Marcella C. Jourdan was therefore at liberty to choose any one of the four remedies named, and she elected to proceed, and did proceed, by action in the supreme court.
At the same time it was provided by statute as follows, viz.: “ No act, deed or conveyance, executed or performed by the husband, without the assent of his wife, evidenced by her acknowledgment thereof, in the manner required by law to pass the estates of married women, and no judgment or decree confessed by or recovered against him, and no laches, default, covin or crime of the husband, shall prejudice the right of his wife to her dower or jointure, or preclude her from the recovery thereof, if otherwise entitled thereto.” Rev. Stat., vol. I., p. 742, § 16; Rev. Stat. (6th ed.), vol. II., p. 1122, § 16.
■ This is the provision which, as the plaintiff claims, protected and preserved her right of dower as against the. judgment recovered by Marcella C. Jourdan.
I cannot find that the provision last referred to has ever been construed in a case like the present, but it seems to have come up for construction in actions for the foreclosure of mortgages, and in that class of cases it was uniformly held that, in order to cut off the wife’s inchoate right of dower, she must be made a party to *210 the action. Wheeler v. Morris, 2 Bosw. 524 contains a good illustration of this point.
In Mills v. Van Voorhies, 20 N. Y. 412, it was said (p. 420): “The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow. Neither can be impaired by any judicial proceeding to which she is not made- a party.” And in Simar v. Canaday, 53 N. Y. 298, it was said (p. 304): “We think that it must be considered as settled in this state, notwithstanding Moore v. The Mayor, and some dicta in other cases, that, as between a wife and any other than the state, or its delegates or agents exercising the right of eminent domain, an inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end.” This being so, the reasons assigned and the rule enforced in the foreclosure cases, apply with equal force to an action for the recovery and ad-measurement of dower.
It therefore follows that the contention of the appellant that, because certain proceedings for the admeasurement of dower could formerly be maintained for certain purposes under § 2 of 2. Rev. Stat., p. 488, upon service of a petition and notice upon the heirs of the husband or upon the owners of the land claiming a freehold estate therein, the plaintiff is bound by the result of the action brought by Marcella C. Jo urdan, although not made a party, is wholly untenable.
The further point made by the appellant that, when the legislature, by chapter 717 of the Laws of 1870, authorized the sale of land in an action brought for the admeasurement of dower, it necessarily abolished all inchoate right of dower in the wife of the heir or owner of the freehold in the land to be sold, is equally untenable. It cannot be sustained by any authority, nor by a just construction of the act itself. The third section of the act provides who shall be bound by the sale, and, in doing so, it mentions only “ all the parties to such *211 action.” Neither the language of that section nor that of the act as a whole, authorizes the conclusion that, in enacting said act, the legislature- intended to deprive the wife of the heir or of the owner of the freehold of her inchoate right of dower in the land to be sold without a hearing. In order to hold that the 'legislature did so intend, an implication would have to be raised and sustained which is at variance not only with the well defined policy of the state as regards the rights of married women, but also with the well settled rule that if two statutes which seem to conflict, can be so construed that both may stand, they must be so construed. Such an implication cannot therefore be sustained. If any implication arises at all upon the act of 1870, it is, that a person who was not made a party to the action, shall not be bound.
But there are still other considerations. Suppose after the institution of the action by Marcella C. Jourdan, she and the heirs at law had united in a conveyance of the premises to a third person, would that have deprived the plaintiff of her inchoate right of dower ? clearly not, for the statute above set forth expressly says that no act, deed or conveyance executed or performed by the husband without the assent of his wife, shall prejudice the wife’s right of dower. How then can the judgment recovered by Marcella C. Jourdan have any greater effect than such conveyance would have had, unless such greater effect is expressly given by statute ?
Again, suppose that in fact there was a will with a provision in lieu of dower which was accepted by Marcella C. Jourdan, would not the present plaintiff, if she had been made a party to the action brought by Marcella C. Jourdan, have had a right to plead these facts as a defense to the claim of dower advanced by Marcella ? She clearly would have had such right. So upon the supposition that Marcella never was the lawful wife of John Jourdan and consequently was not his widow, would not -that have been a defense available to the *212 present plaintiff against the claim of Marcella, if she had been made a defendant in that action ? The question can be answered only in the affirmative.
The plaintiff therefore had not only an inchoate right of dower, but also certain rights for the defense of the same. She could be deprived of none of these rights except by some express provision of law, and the appellant has wholly failed to show any such provision.
It finally should be noticed yet that the judgment relied upon by the appellant does not in terms bar plaintiff’s right of dower. It decrees that all the parties to the action, and all persons claiming under them, or any or either of them, after the filing of the notice of the pendency of the action, shall, upon the sale being made, be barred of and from all estate, right, title and interest which they and each of them had in the said real estate at the time of the sale. Inasmuch as plaintiff’s inchoate right of dower had attached, as hereinbefore shown, before the commencement of the action by Marcella, and before the filing of the notice of the pendency of such action, it was a prior right, and as such the language of the judgment does not cover it.
In no aspect of the case, therefore, was the plaintiff ever deprived of her inchoate right of dower, and consequently, upon the death of her husband, it became her right to bring an action for the recovery and admeasurement of such dower.
For the reasons aforesaid the interlocutory judgment made in this action is clearly right.
The action of the referee under and in pursuance of the interlocutory judgment, presents a further and also highly interesting question as to the extent of plaintiff’s right. He arrived at the conclusion that the plaintiff is to be endowed only to the extent of one eighteenth (rg) of the premises in question, and not to the extent of one twelfth (/2) as claimed by the plaintiff. In this he is clearly right. Moreover. the appellant cannot complain of it. Upon a review of all that bears upon this *213 branch of the case, no error appears to have" been committed to the prejudice of the appellant. The reasons which led the referee to the conclusion at which he arrived, are set forth in an opinion delivered by him which is so exhaustive of the subject under consideration by him and so clear and convincing, that I deem it. wholly unnecessary to make any additional remarks.
The judgment, interlocutory judgment and the order appealed from should be affirmed with costs.
Sedgwick, Ch. J., concurred.