JOHNSON v. JOHNSON et al.

(Supreme Court, Special Term, Kings County. February, 1905.)

DOWER—SEISIN OF HUSBAND.
  Where an heir died while his mother was living and claiming dower, the heir's widow was entitled to dower only in the heir's share of two-thirds of the estate.
  [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dower, §§ 63–65.]

Suit for dower by Rachel Johnson against Ann Johnson and others. Findings and judgment ordered for plaintiff.

Alexander Johnson died intestate and seized of the lands in suit. He left surviving a widow, viz., Ann Johnson, and three children by her, viz., John W., George R. and Annie. George R. died thereafter in 1903, and the plaintiff, his widow, brings this suit for dower in one undivided third of the said lands, all of the said other living persons being defendants.

In 1897, after the death of the father, the three children assigned to the mother the rents and profits of the said lands for her life, and she is in possession and collects the same. Her dower was never formally admeasured and assigned, and counsel for plaintiff claims that the assignment of the rents to her, with possession, did not amount to an assignment of her dower.

Herman H. Baker, for plaintiff.
M. F. McGoldrick, for defendants.

GAYNOR, J. Dower on dower cannot be granted, for two or more women cannot possess the same land in dower at the same time. Therefore the plaintiff is not entitled to dower in all of her husband's undivided ⅓ of the lands which descended from his father to him and his brother and sister. His mother as widow is, or is entitled to be, endowed with ⅓, and that must first be deducted. The plaintiff is thus entitled to only ⅓ of ²/₉ as dower.

The right to dower depends upon the seizin of the husband of a present estate of inheritance at some time during coverture. If, therefore, the dower of the mother was assigned before the death of her son (the plaintiff's husband), such assignment related back to the death of the father, and seizin of the widow for life as dowress in ⅓ would prevent seizin of his heirs of a present estate of inheritance in the same. They would have only a vested remainder therein expectant on her life estate. They would be seized of a present estate of inheritance in only ⅔ of the lands, or each in an undivided ²/₉ thereof; and this share of her husband is all that the plaintiff could be endowed in. She could not be endowed in the ⅓ of which the mother would be seized for life; nor could she be endowed in it to take effect on the death of the mother; she could not be endowed in it at all, for lack of seizin of her husband in it, which is the test. If the mother had died before the son, then he would have become seized of a present estate of inheritance in it, and the plaintiff would be entitled to dower in it. Or if the son had purchased of the father, he would have been seized of a present estate in the whole, subject to his mother's dower, if she had not joined in the conveyance; and the plaintiff would be entitled to dower in the whole, subject to the mother's right of dower, and to

be in the whole on the mother's death. In the former case the widow would fail to get dower in her husband's full inheritance, for lack of seizin by him in part of it; in the latter she would get full dower because of his full seizin. If the dower of the mother was not assigned during the son's life, as learned counsel for plaintiff insists, the case is not different, for she is alive and claiming it now. If she had died in his lifetime, whether her dower had been assigned or not would make no difference, for in either case the son would have had full seizin of a present estate in the whole at his death. Matter of Cregier, 1 Barb. Ch. 598, 45 Am. Dec. 416; Dunham v. Osborn, 1 Paige, 634; Durando v. Durando, 23 N. Y. 331.

If the mother were now dead, and the dower had never been assigned, we would have a different case. The plaintiff would then be entitled to dower in the entire share of her husband. There would be no question of dower upon dower. The argument of the learned counsel for the plaintiff that because (as he claims) the dower of the widow mother has never been assigned the plaintiff is entitled to dower on the whole share of her husband, is erroneous in that it leaves out of account that the mother is alive and claiming her dower as a party to this action. If the case of Aikman v. Harsell, 98 N. Y. 186, has misled him, it is for lack of noting that there the mother was dead. Her dower was never assigned; and therefore the plaintiff, her daughter-in-law, got dower in the whole of her husband's share. There was there no dower upon dower.

The rents of the whole amount to $840 a year; but to this must be added $96 a year for the stable, and the rent of the apartments occupied by the mother, of which I find no proof. It must be supplied. From this total deduct the annual disbursements of $348. The plaintiff is entitled to $2/27$ of the balance annually. Let this sum be capitalized in a gross sum according to the annuity tables, as it seems best that a gross sum be paid to her, and she has filed a consent to take the same.

Let findings and judgment be prepared accordingly.